IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL JONES, | § | |
| | § | No. 61, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 9911016309 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 20, 2019
Decided: May 13, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Michael Jones, appeals the Superior Court's summary dismissal of his third motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). We affirm the Superior Court's judgment.

(2) Following a jury trial in January of 2005, Jones was found guilty of three counts of first degree murder, one count of first degree robbery, one count of second degree arson, and related weapons and conspiracy charges. The Superior Court sentenced Jones to life imprisonment for each of the murder convictions. This

Court affirmed Jones' convictions and sentence.[1]  Thereafter, Jones filed a motion for postconviction relief under Rule 61.  The Superior Court denied the motion[2] and this Court affirmed on the basis of and for the reasons set forth in the Superior Court's decision.[3]  Jones next filed a petition for writ of habeas corpus in the United States District Court for the District of Delaware.  The District Court denied Jones' petition[4] and the United States Court of Appeals for the Third Circuit affirmed the denial.[5]  Following the United States Supreme Court's decision in *Miller v. Alabama*,[6] Jones moved to be re-sentenced and requested the appointment of counsel.  The Superior Court appointed counsel ("Appointed Counsel") and held a sentencing hearing on June 30, 2014.  The Superior Court re-sentenced Jones to three life sentences for his first degree murder convictions.  Through Appointed Counsel, Jones filed a second motion for postconviction relief.  After briefing and oral argument, the Superior Court denied Jones' second motion for postconviction relief as procedurally barred.[7]  Jones appealed the Superior Court's ruling and this Court affirmed on the basis of and for the reasons stated in the Superior Court's decision.[8]

---

[1] *Jones v. State*, 940 A.2d 1 (Del. 2007).
[2] *State v. Jones*, 2008 WL 4173816 (Del. Super. Ct. Sept. 3, 2008).
[3] *Jones v. State*, 2009 WL 595574 (Del. Mar. 9, 2009).
[4] *Jones v. Phelps*, 2012 WL 4600639 (D. Del. Sept. 28, 2012).
[5] *Jones v. Phelps*, 599 F. App'x 433 (3rd Cir. 2015).
[6] 567 U.S. 460 (2012).
[7] *State v. Jones*, 2016 WL 7338591 (Del. Super. Ct. Dec. 16, 2016).
[8] *Jones v. State,* 2017 WL 4535974 (Del. Oct. 10, 2017).

(3)     Proceeding *pro se*, Jones filed a third motion for postconviction relief on July 19, 2018, a fourth motion for postconviction relief on September 17, 2018, and a motion for appointment of counsel on October 1, 2018.  The Superior Court summarily dismissed the motions[9] for postconviction relief and denied Jones' motion for appointment of counsel.[10]

(4)     On appeal, Jones argues the Superior Court erred when it concluded his third motion for postconviction relief was untimely filed.  Jones contends that, because his motion alleged ineffective assistance of counsel on the part of Appointed Counsel in the re-sentencing proceedings and in the proceedings on Jones' second motion for postconviction relief, it was timely filed within one year of this Court's denial of his second motion for postconviction relief.  Jones is mistaken.  We have held that fairness dictates that a defendant may bring a claim of ineffective assistance of postconviction counsel within one year of the defendant's appeal to this Court from the Superior Court's denial of his first motion for postconviction relief.[11]  Jones is not entitled to bring a claim of ineffective assistance of counsel against postconviction counsel in subsequent postconviction proceedings.  The Court concludes the Superior Court did not err in its determination that Jones' third motion for postconviction relief was procedurally barred and that Jones had failed to

---

[9] Jones tells this Court that the "third" and "fourth" motions were copies of the same motion.
[10] *State v. Jones*, 2019 WL 626241 (Del. Super. Ct. Feb. 13, 2019).
[11] *Guy v. State*, 82 A.3d 710, 715 (Del. 2013).

overcome the procedural hurdles by pleading with particularity either that: (i) new evidence exists creating a strong inference that he is actually innocent; or (ii) a new, retroactively applicable rule of constitutional law renders his conviction invalid. Because Jones' motion was properly summarily dismissed under Rule 61, the Superior Court did not abuse its discretion in declining to appoint counsel to represent him in these proceedings.[12]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[12] Super. Ct. Cr. R. 61(e)(5).