ORDER
This 23rd day of December 2005, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The defendant-appellant, Mark Kirk, filed an appeal from the Superior Court's February 11, 2005 re-sentencing order following the granting of Kirk's motion for postconviction relief. We find no merit to the appeal. Accordingly, we AFFIRM.
(2) In 1997, Kirk was found guilty in a Superior Court bench trial of three counts of Murder in the First Degree (Felony Murder), two counts of Assault in the First Degree, one count of Arson in the Third Degree and one count of Assault in the Third Degree.[1] Kirk was sentenced to three terms of life imprisonment on the felony murder convictions, plus a total of 23 years of Level V imprisonment on the remaining convictions. Kirk's convictions and sentences were affirmed by this Court on direct appeal.[2] The Superior Court denied Kirk's two subsequent pro se postconviction motions. This Court affirmed both denials.[3]
(3) In April 2003, Kirk filed a third pro se postconviction motion,[4] this time arguing that this Court's decision inWilliams v. State, 818 A.2d 906 (Del. 2003) (en banc)[5]
excused his untimely motion[6] and required vacation of his three felony murder convictions and his two first-degree assault convictions. In its response to Kirk's motion, the State conceded that Kirk's felony murder and first-degree assault convictions should be vacated under Williams.[7]
(4) The State, however, disagreed with Kirk regarding the appropriate remedy for the miscarriage of justice. While Kirk requested that either judgments of acquittal be entered or a new trial granted, the State argued that Kirk should be re-sentenced on the lesser-included charges of manslaughter and second-degree assault. In its February 26, 2004 decision on Kirk's postconviction motion, the Superior Court accepted the State's recommended remedy.
(5) After vacating Kirk's felony murder and first-degree assault convictions, the Superior Court stated:
 Having vacated the . . . convictions, the Court's next responsibility is to re-sentence the Defendant for these same convictions, while remaining cognizant of the [trial judge's] former findings of fact, conclusions of law, and the evidence admitted at trial.
The Superior Court noted the following findings of the trial judge:
 1) [B]eyond a reasonable doubt, . . . the Defendant started the fire intentionally; 2) the Defendant's conduct and/or mens rea with respect to all the indicted criminal offenses met the criteria of "recklessly" as defined in the Delaware Code; 3) the Defendant's conduct and/or mens rea with respect to all the indicted criminal offenses did not meet the criteria of "criminal negligence" as defined in the Delaware Code; and 4) the Defendant did not intentionally cause the deaths of his three victims. (Footnotes omitted.)
The Superior Court, finally, noted the following remarks by the trial judge:
 The defendant, by shaking and poring (sic) an accelerant over a burner which he turned on to high, in an apartment building occupied by many people, was clearly aware of a substantial and unjustifiable risk that death would result from his conduct. The defendant consciously disregarded this risk. The risk was of such a nature and degree that disregard thereof constituted a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A reasonable person would not have simply disregarded such a risk. (Footnotes omitted.)
Based upon the findings of the trial judge, the Superior Court reduced Kirk's felony murder convictions[8] to convictions of the lesser-included charge of manslaughter[9] and reduced his first-degree assault convictions[10] to convictions of the lesser-included charge of second-degree assault.[11]
(6) Kirk's re-sentencing took place at a subsequent hearing at which he was represented by appointed counsel.[12] The Superior Court sentenced him to 10 years of Level V incarceration on each of the three convictions of Manslaughter and to 8 years of Level V incarceration on each of the two convictions of Assault in the Second Degree, a total of 46 years of Level V incarceration. Kirk's sentences for Arson in the Third Degree and Assault in the Third Degree remained as before — 2 years and 1 year at Level V incarceration, respectively.
(7) Kirk's counsel filed a notice of appeal and an opening brief in this Court, claiming, first, that Kirk's constitutional rights were violated when the Superior Court failed to afford him a new trial before a jury and, second, that the statute of limitations barred the Superior Court from entering convictions on the manslaughter charges. Alleging that his counsel failed to consult with him regarding the issues raised in the brief, Kirk requested that his counsel move to withdraw. Kirk's counsel was permitted to withdraw and Kirk, in turn, was granted leave to proceed pro se in this appeal.
(8) Kirk's sole pro se claim is that the Superior Court lacked jurisdiction to enter convictions on the manslaughter and second-degree assault charges because the 5-year statute of limitations as to those charges already had run.[13] Kirk argues that, because he originally was sentenced on December 3, 1997, the 5-year statute of limitations on those charges expired on December 3, 2002, thereby rendering the Superior Court's February 11, 2005 sentencing order invalid and in violation of his due process rights. Kirk asks that judgment of acquittal be entered as to all convictions on which he was re-sentenced.
(9) Kirk's, and his former counsel's, claims that the Superior Court's actions are barred by the statute of limitations and violate his constitutional rights are based upon the assumption that, in implementing a remedy for the miscarriage of justice, the Superior Court initiated a new prosecution against Kirk. That assumption is erroneous. Rather, the Superior Court, properly relying on the findings of the Superior Court judge who presided over Kirk's trial, did no more than re-sentence Kirk on lesser-included charges that related back to his original convictions. The statute of limitations is not implicated in such a situation.[14] Nor do we find that the remedy implemented by the Superior Court, which was fully consistent with well-settled Delaware law,[15] violated any of Kirk's constitutional rights.[16]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
[1] The charges against Kirk stemmed from an incident on December 3, 1996, in which Kirk, after arguing with his girlfriend in her apartment, poured Captain Morgan's Spiced Rum on one of the stove burners, which started a fire that caused the deaths of a father and two of his children and serious injuries to several other individuals in the apartment building.
[2] Kirk v. State, Del. Supr., No. 532, 1997, Berger, J. (Apr. 29, 1999) (en banc).
[3] Kirk v. State, Del. Supr., No. 271, 2000, Berger, J. (Oct. 16, 2000); Kirk v. State, Del. Supr., No. 508, 2001, Steele, J. (Feb. 12, 2002). Kirk also unsuccessfully sought habeas corpus relief in the federal court.
[4] The Superior Court judge who originally presided over Kirk's trial had retired by this time and the postconviction motion was assigned to another Superior Court judge.
[5] In Williams, this Court, overruling Chao v. State,604 A.2d 1351 (Del. 1992), held that the language of Delaware's felony murder statute requires proof not only that the defendant committed the murder, but also that the murder helped to advance the underlying felony.
[6] Where a defendant succeeds in demonstrating a "newly recognized right" that results in a miscarriage of justice, his untimely postconviction motion will be permitted to proceed to a determination on the merits. Super. Ct. Crim. R. 61(i) (5);Younger v. State, 580 A.2d 552, 555 (Del. 1990).
[7] While the Williams decision did not expressly address the first-degree assault statute, the State conceded that the holding in Williams is equally applicable to the language of that statute.
[8] Del. Code Ann. tit. 11, § 636(a) (2).
[9] Del. Code Ann. tit. 11, § 632(1); Collins v. State,420 A.2d 170, 178 (Del. 1980).
[10] Del. Code Ann. tit. 11, § 613(a) (4).
[11] Del. Code Ann. tit. 11, § 612(a) (1); Johnson v. State,711 A.2d 18, 30-31 (Del. 1998).
[12] Kirk himself did not appear, having signed a written waiver of his right to be present.
[13] Del. Code Ann. tit. 11, § 205(b) (1).
[14] The case of Cane v. State, 560 A.2d 1063, 1066 (Del. 1989), which is cited by Kirk, is distinguishable from this situation. There, an indictment for manslaughter five years after the crime was committed was invalid because it was outside the statute of limitations.
[15] Walton v. State, 821 A.2d 871, 879 (Del. 2003) (the defendant's conviction of first-degree robbery was reversed and the matter remanded for a new sentencing for second-degree robbery); Word v. State, 801 A.2d 927, 933 (Del. 2002) (the defendant's conviction of first-degree robbery was reversed and the matter remanded for a new sentencing for second-degree robbery); Collins v. State, 420 A.2d at 178 (the defendant's conviction of second-degree murder was reversed and the matter remanded for a new sentencing for manslaughter as a lesser-included offense of first-degree murder).
[16] Collins v. State, 420 A.2d at 178 ("It is within the power of this Court . . . to order a modification of the judgment below to reflect the reduction in the degree of homicide committed. . . . The modification does not deprive defendant of a fair trial or otherwise prejudicially affect his conviction.")