Vicky CHAO, Defendant
Below–Appellant,

v.

STATE of Delaware, Plaintiff
Below–Appellee.

No. 475, 2004.

Supreme Court of Delaware.

Submitted: May 4, 2007.
Decided: June 20, 2007.

Bernard J. O'Donnell, Esquire, Office of Public Defender, Wilmington, Delaware, for Appellant.

Loren C. Meyers, Esquire, Department of Justice, Wilmington, Delaware, for Appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the Court *en Banc*.

BERGER, Justice.

In this appeal we consider whether Vicky Chao's three felony murder convictions must be reviewed in light of the recent decision in *Williams v. State*[1]. In *Williams*, this Court held that the felony murder statute "not only requires that the murder occur during the course of the felony but also that the murder occur to facilitate commission of the felony." [2] The *Williams* Court expressly overruled a portion of our earlier decision on Chao's direct appeal, which adopted a contrary interpretation of the "in furtherance of" felony murder statute's language.[3] We conclude that in the interest of justice, *Williams* must be applied retroactively, because Chao may have been convicted for acts that do not constitute felony murder. Accordingly, we remand to the Superior

---

1. 818 A.2d 906 (Del.2003).

2. 818 A.2d at 913.

3. *Chao v. State,* 604 A.2d 1351, 1363 (Del. 1992).

Court for further proceedings on Chao's motion for postconviction relief.

### Factual and Procedural Background

In 1988, an arson fire killed three members of William Chen's family. In 1989, Chao was convicted of three counts of intentional murder, three counts of felony murder, and other related offenses arising out of that arson fire. At that time, the felony murder statute provided that one is guilty of first degree murder "when . . . in the course of and in furtherance of the commission . . . of a felony or immediate flight therefrom, the person recklessly causes the death of another person."[4]

Chao appealed, arguing that there was insufficient evidence to support her felony murder convictions because the killings were not "in furtherance of" the arson. This Court rejected her argument and affirmed the convictions:

> [Chao] claims that . . . no rational juror could infer that the killings were caused "in furtherance of the commission" of arson, a felony. Rather, she asserts that the evidence points towards arson as being the instrumentality or means by which the intentional murders were accomplished. . . . [Chao's] argument is found to be without merit.
>
> * * *
>
> [T]he inclusion of the phrase "in furtherance" as used throughout §§ 636 and 635 was not meant to require that the killing be committed as an incident to an underlying felony. On the contrary, for felony murder liability to attach, a killing need only accompany the commission of an underlying felony. Thus, if the "in furtherance" language has any

limiting effect, it is solely to require that the killing be done by the felon him or herself.[5]

In 1995, after concluding that Chen had given perjured testimony at the first trial, the Superior Court granted Chao's postconviction motion for a new trial. In the second trial, the jury convicted Chao of three counts of felony murder, arson, and second degree conspiracy; and acquitted Chao on the three intentional murder charges. On direct appeal, this Court again affirmed the convictions in 2001.[6]

In 2003, the Court revisited, in *Williams*, the meaning of the "in furtherance of" language in the felony murder statute. We held:

> In our view, the statutory language of the Delaware felony murder statute not only requires that the murder occur during the course of the felony but also that the murder occur to facilitate commission of the felony. To the extent that the *Chao* opinion states that the "in furtherance of" language of the statute addresses solely the identity of the person who is committing the actual killing, it is overruled.[7]

In 2004, Chao filed another postconviction motion, asking that her felony murder convictions be vacated under *Williams*. The Superior Court summarily rejected her motion. Chao appealed, and this Court remanded the case for the trial court to consider, in the first instance, whether to apply *Williams* retroactively. On remand, the Superior Court concluded that Chao's felony murder convictions must be reconsidered because Chao "has been convicted of acts that no longer lawfully constitute a

---

4. 11 *Del.C.* § 636(a)(2). The statute has been amended, and now provides that a person is guilty of first degree murder "when . . . while engaged in the commission of . . . any felony, the person recklessly causes the death of another person." 2004 Del. Laws Ch. 246, § 2.

5. *Chao v. State,* 604 A.2d at 1363.

6. *Chao v. State,* 780 A.2d 1060 (Del.2001).

7. *Williams v. State,* 818 A.2d at 913.

crime under the new law established in *Williams* ...."[8]

### Discussion

In *Flamer v. State*,[9] this Court addressed the legal principles that govern our analysis in this case:

Under Rule 61(i)(4), any ground for relief which has already been adjudicated is barred unless reconsideration of the claim is warranted in the interest of justice.... In order to invoke the "interest of justice" provision ... a movant must show that subsequent legal developments have revealed that the trial court lacked the authority to convict or punish him.[10]

Following the United States Supreme Court's analysis in *Teague v. Lane*[11], this Court adopted a "general rule of non-retroactivity" for postconviction changes to rules of criminal procedure.[12] But, the *Flamer* Court also relied on *Davis v. United States*,[13] where the United States Supreme Court held that new substantive decisions will be applied retroactively when a defendant has been convicted for acts that are not criminal:

In this case, the petitioner's contention is that the decision in *Gutknecht v. United States*[, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970) ] ... establishes that his induction order was invalid ... and that he could not be lawfully convicted for failure to comply with that order. If this contention is well taken, then Davis'

conviction and punishment are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance 'inherently results in a complete miscarriage of justice' and 'present(s) exceptional circumstances' that justify collateral relief under § 2255 [the federal postconviction relief statute].[14]

The Superior Court carefully and correctly applied this principle, finding that *Williams* must be applied retroactively and that Chao's conduct did not constitute the crime of felony murder under *Williams*.

In arguing against this result, the State urged this Court to consider the impact its decision will have on others who were convicted of felony murder. The State points out that, "[r]egardless of whether such defendants committed felony murder under *Williams*, they are hardly 'innocent' in the usual sense of the word."[15] Although this Court is not unmindful of the State's concern, we will not withhold justice because of the possible repercussions from a correct application of the law. The Court asked the State to provide a complete list of all inmates who might be affected by the retroactive application of *Williams*. The list, a copy of which is attached and entitled "APPENDIX", reveals that almost all prisoners who were convicted of felony murder were also convicted of other crimes and will continue to serve signifi-

---

8. *State v. Chao*, 2006 WL 2788180 at *8 (Del.Super.) The Superior Court also decided, at this Court's request, that the Slate is not estopped from arguing against the retroactive application of *Williams*.

9. 585 A.2d 736 (Del.1990).

10. 585 A.2d at 746.

11. 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334(1989), *reh'g denied* 490 U.S. 1031, 109 S.Ct. 1771, 104 L.Ed.2d 206 (1989).

12. 585 A.2d at 749.

13. 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974).

14. *Id. at* 346–347, 94 S.Ct. 2298.

15. *Supplemental Memorandum for the State of Delaware*, at 4.

cant sentences, even if this decision impacts them.

Finally, we note that several issues remain to be decided. Although Chao's felony murder convictions must be vacated under *Williams*, the Superior Court may determine that Chao should be resentenced on the lesser-included charges of manslaughter.[16] In addition, "[a]fter a related sentence has been vacated on appeal, a trial judge may resentence a defendant up to the combined duration of the original sentences without violating the constitutional provision against double jeopardy." [17] These are issues for the Superior Court to address in resolving Chao's post-conviction motion.

## Conclusion

Based on the foregoing, this matter is remanded to the Superior Court for further action in accordance with this decision. Jurisdiction is not retained.

RIDGELY, Justice, concurring:

I agree that Chao is entitled to post-conviction relief under *Williams*. I write separately, however, because among the issues to be determined after remand is whether the State elects to prosecute Chao for felony murder at a new trial consistent with *Williams*.

Typically, when a defendant succeeds on a post conviction relief motion, the matter is set for a new trial.[1] In some situations, however, such as when the State stipulates or otherwise agrees to sentencing for a lesser-included crime, a new trial is not necessary. While that ultimately may be the case here, there is no indication in the present record, as there was in *Kirk*[2] and *Rivera*,[3] that the State has elected not to prosecute the defendant for felony murder under the retroactive rule of *Williams*. This is an issue for the Superior Court to determine in this case and in others where post conviction relief is sought based upon the retroactive application of that case.

*APPENDIX*

**COMPARISON OF SENTENCES**

**Notes:**
1. *The following abbreviations are used.*

 LWOP life imprisonment without parole
 LWP parolable life sentence

**16.** *See: Kirk v. State*, 889 A.2d 283 (Del.2005).

**17.** *White v. State*, 576 A.2d 1322, 1328 (Del. 1990).

**1.** Chao, for example, obtained post-conviction relief of her first conviction because of perjured testimony. A new trial followed.

**2.** *See Kirk v. State*, 889 A.2d 283 (Del.2005) (TABLE) ("[T]he State argued that Kirk should be re-sentenced on the lesser-included charges of manslaughter and second-degree assault.").

**3.** *See Rivera v. State*, 351 A.2d 561, 563 (Del. 1976) ("But here ... justice does not require

a new trial. The thrust of the defendant's appeal in this regard is not that she was deprived of a complete defense to the charge of murder, but that she was deprived of a defense of mitigation which would have afforded her the opportunity of a manslaughter verdict. Thus, judgment of manslaughter. a lesser offense included within murder in the second degree under 11 *Del.C.* § 206(b)(3). and sentence thereon, will resolve this issue in the defendant's favor. *With the concurrence of both the State and the Defendant, we so hold.*") (citing *Fuentes v. State*, 349 A.2d 1, 7 (Del.1975)). (emphasis added).

2. Inmates who are subject to the Truth in Sentencing Act are designated by "TIS" after their name.

3. Column 3 in the table reflects the defendant's sentence if the defendant's felony murder conviction is reduced under *Williams* to manslaughter. *See Kirk v. State*, 2005 WL 3526325 (Del. Dec. 23, 2005). The identical information was presented under the heading "*Williams* Sentence" in the chart submitted by the State on April 16, 2007.

4. Before the Truth in Sentencing Act took effect on June 30, 1990, manslaughter was classified as a Class B felony, punishable by a prison term of 3 to 30 years. Del.Code Ann. tit. 11, §§ 632, 4205(b)(2) (Repl.3987). Upon the Truth in Sentencing Act taking effect on June 30, 1990, manslaughter was classified as a Class C felony, punishable by a prison term of 0 to 10 years. Del.Code Ann. tit. 11, §§ 632, 4205(b)(2) (Repl.1995). (The current classification of manslaughter as a class B felony, punishable by 2 to 25 years imprisonment, became effective June 30, 2003. 74 Del. Laws ch. 106, §§ 2, 9–10.) The sentence information in Column 3 assumes that a defendant whose felony murder conviction is reduced to manslaughter is sentenced to the maximum term.

5. Column 4 in the table reflects the defendant's remaining sentence if the defendant's felony murder is vacated under *Williams*. This information was not contained in the chart submitted by the State on April 36, 2007.

| Inmate | Current Sentence | Manslaughter Sentence | Remaining Sentence |
| --- | --- | --- | --- |
| James W. Riley | LWOP plus 25 years | 55 years | 25 years |
| Ralph Hawkins (TIS) | LWOP | 10 years | 0 years |
| Miles Brice (TIS) | 2 LWOP plus 5 years | 25 years | 5 years |
| Robert Garvey (TIS) | LWOP plus 30 years | 40 years | 30 years |
| Carmelo Claudio | LWOP, LWP plus 45 years | LWP plus 75 years | LWP plus 45 years |
| Robert Golson | LWOP plus 37 years (murder sentence later commuted to parolable life) | 67 years | 37 years |
| Wilbur Johnson | LWOP plus 37 years | 67 years | 37 years |
| Sterling Hobbs (Amir Fatir) | LWOP plus 67 years | 97 years | 67 years |
| Maurice Giles | LWOP | 30 years | 0 years |
| Enrique Maymi | LWOP, LWP plus 45 years | LWP plus 75 years | LWP plus 45 years |
| Darrel Page (TIS) | 4 LWOP plus 113 years | 3 LWOP plus 123 years | 3 LWOP plus 113 years |
| Michael Jones (TIS) | 2 LWOP plus 44 years | LWOP plus 54 years | LWOP plus 44 years |
| Justin Burrell (TIS) | LWOP plus 50 years | 60 years | 50 years |
| Jermaine Barnett (TIS) | LWOP plus 90 1/2 years | 100 1/2 years | 90 1/2 years |
| Hector Barrow (TIS) | LWOP plus 86 years | 96 years | 86 years |
| Kevin Hill (TIS) | LWOP plus 50 years | 60 years | 50 years |
| Arthur Govan (TIS) | 4 LWOP plus 115 years | 2 LWOP plus 135 years | 2 LWOP plus 115 years |
| Donald Flagg (TIS) | 3 LWOP plus 43 years | 2 LWOP plus 53 years | 2 LWOP 43 years |
| William Gaines | 2 LWOP | LWOP plus 30 years | LWOP |
| Richard Massey | LWOP plus 41 years | 71 years | 41 years |
| Frank Whalen | LWOP, LWP plus 30 years | LWP plus 60 years | LWP plus 30 years |
| Alan Brooks | LWOP plus 52 years | 82 years | 52 years |
| Shane Deshields (TIS) | LWOP plus 102 years | 112 years | 102 years |
| Tyrone Baxter | LWOP | 30 years | 0 years |
| Richard Roth, Sr. (TIS) | LWOP plus 166 years | 176 years | 166 years |
| Paul Robertson (TIS) | 2 LWOP plus 95 years | 115 years | 95 years |
| Micheal R. Smith (TIS) | LWOP plus 140 years | 150 years | 140 years |
| Vicky Chao | 3 LWOP plus 6 years | 96 years | 6 years |
| Lawrence Collingwood | LWOP plus 10 years | 40 years | 10 years |
| Ernest Parsons | 4 LWOP plus 127 years | 2 LWOP plus 187 years | 2 LWOP plus 127 years |
| John Watson (TIS) | 2 LWOP plus 40 years | LWOP plus 50 years | LWOP plus 40 years |
| James Blount | 2 LWOP plus 45 years | LWOP plus 75 years | LWOP plus 45 years |
| Randolph Graham | 2 LWOP plus 60 years | LWOP plus 90 years | LWOP plus 60 years |
| Richard Thompson | 2 LWOP plus 25 years | LWOP plus 55 years | LWOP plus 25 years |
| Christopher Long (TIS) | 4 LWOP plus 120 years | 2 LWOP plus 140 years | 2 LWOP plus 120 years |
| Joyce Greenwood (Lynch) | 4 LWOP plus 77 years | 2 LWOP plus 137 years | 2 LWOP plus 77 years |
| Richard Roth, Jr. (TIS) | 2 LWOP plus 188 years | LWOP plus 198 years | LWOP plus 188 years |
| James Llewellyn (TIS) | 4 LWOP plus 125 years | 2 LWOP plus 145 years | 2 LWOP plus 125 years |
| Kenneth Rodgers (TIS) | 4 LWOP plus 105 years | 2 LWOP plus 125 years | 2 LWOP plus 105 years |
| Tze–Poong Liu | 6 LWOP plus 22 years | 3 LWOP plus 112 years | 3 LWOP plus 22 years |
| Antonio Taylor (TIS) | 2 LWOP plus 33 years | LWOP plus 43 years | LWOP plus 33 years |
| David Rush | 2 LWOP, 3 LWP plus 8 years | LWOP, 3 LWP plus 38 years | LWOP, 3 LWP plus 8 years |
| James Perez (TIS) | 2 LWOP plus 38 years | LWOP plus 48 years | LWOP plus 38 years |
| Luis Cabrera (TIS) | 2 LWOP plus 9 years | LWOP plus 19 years | LWOP plus 9 years |
| Steven Shelton (TIS) | 2 Death plus 45 years | 1 Death plus 55 years | 1 Death plus 45 years |
| Robert Jackson (TIS) | 2 Death plus 46 years | 1 Death plus 56 years | 1 Death plus 46 years |
| Adam Norcross (TIS) | 3 Death plus 130 years | 1 Death plus 150 years | 1 Death plus 130 years |
| Craig Zebroski (TIS) | 2 Death plus 61 years | 1 Death plus 71 years | 1 Death plus 61 years |

Jermaine Wright (TIS) 2 Death plus 50 years 1 Death plus 60 years 1 Death plus 50 years
Ralph Swan (TIS) 3 Death plus 132 years 1 Death plus 152 years 1 Death plus 132 years