MORRIS, Judge.
Eddie Boyd challenges the summary dismissal of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, as untimely. Boyd correctly asserts that his sentencing order was not rendered until August 30, 2011, and thus his postconviction motion filed on May 9, 2012, was timely.
The procedural history of Boyd’s case is admittedly confusing; the following account is somewhat abridged. After Boyd successfully challenged the prison releasee reoffender (PRR) designation on one of his sentences in a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), on direct appeal this court remanded for resentencing because Boyd had been illegally resentenced by a successor judge without a showing that the original sentencing judge was unavailable. Boyd v. State, 988 So.2d 1242 (Fla. 2d DCA 2008), abrogated on procedural grounds by Pifer v. State, 59 So.3d 225 (Fla. 2d DCA 2011). As a result of that proceeding, the original sentencing judge orally resentenced Boyd on November 17, 2008, again removing the PRR designation from the battery on a law enforcement offieer charge. However, no written sentence was filed at that time. The relevant date for finality of a sentencing order is the date the written order is filed, not the date on which the sentence is orally pronounced. See Weiss v. State, 720 So.2d 1113, 1114 (Fla. 3d DCA 1998); see also Fla. R.App.P. 9.020(i).[1]
Boyd then filed a motion for post-conviction relief on January 2, 2011, and appealed the order denying his motion. This court dismissed the appeal as premature after ascertaining that Boyd’s written sentences were not filed with the circuit court clerk until August 30, 2011, and specifically ruled that Boyd could file a rule 3.850 motion within two years of the date that the sentences became final. Boyd v. State, 83 So.3d 719 (Fla. 2d DCA 2011). Boyd’s postconviction motion filed on May 9, 2012, was well within the time limit. Therefore, we reverse and remand for the postconviction court to address the merits of Boyd’s motion for postconviction relief.
Reversed and remanded.
DAVIS and VILLANTI, JJ., Concur.

. Formerly Florida Rule of Appellate Procedure 9.020(h).