# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE         )
                                 )

    v.                   )
                                 )

MICHAEL JONES,         )      Case No. 9911016309
                               )

    Defendant.       )

*Date Submitted: September 7, 2016*
*Date Decided: December 16, 2016*

## MEMORANDUM OPINION AND ORDER

Elizabeth R. McFarlan, Esquire, and Colleen K. Norris, Esquire, Department of Justice, Wilmington, Delaware. *Attorneys for the State.*

Natalie S. Woloshin, Esquire, Woloshin, Lynch & Natalie, P.A., Wilmington, Delaware. *Attorney for Defendant Michael Jones.*

*Upon Consideration of Petitioner Michael Jones' Amended*
*Motion for Postconviction Relief*
***SUMMARILY DISMISSED***

*Upon Consideration of State's Motion for Summary Dismissal*
***GRANTED***

After a trial, a jury found Michael Jones guilty of fifteen felonies, including three convictions for First Degree Murder.[1] The Court then sentenced Mr. Jones on September 16, 2005.[2] After the United States Supreme Court's decision in *Miller v. Alabama*,[3] Delaware enacted 11 *Del. C.* §§ 4204A(d)(2) and 4209A to address situations where the Court had sentenced or would sentence juveniles for First Degree Murder. Mr. Jones filed a motion for resentencing. The Court granted the motion and resentenced Mr. Jones on June 30, 2014 (the "Resentence").

---

[1] The Court dismissed one count of Possession of a Firearm by a Person Prohibited.
[2] Case No. 9911016309, Superior Court Criminal Docket No. 162. Further references to the docket will be as "D.I. No. __."
[3] 132 S. Ct. 2455 (2012).

Mr. Jones did not directly appeal the Resentence. Instead, Mr. Jones filed his Motion for Postconviction Relief on June 22, 2015 (as amended through Petitioner Michael Jones's Amended Motion for Postconviction Relief on November 16, 2015, the "Rule 61 Motion"). The State did not respond to the Rule 61 Motion. Instead, on November 24, 2015, the State filed its State's Motion for Summary Dismissal (the "Dismissal Motion"). The parties then filed replies and supplements to the Dismissal Motion. The Court held a hearing on the Dismissal Motion on May 16, 2016 and took the matter under advisement.

The Court has reviewed the record in connection with the Rule 61 Motion and the Dismissal Motion. Moreover, the Court has considered all arguments made in support and against the relief sought in the Rule 61 Motion and the Dismissal Motion. For the reasons set forth below, the Court **SUMMARILY DISMISSES** the Rule 61 Motion and **GRANTS** the Dismissal Motion.

**BACKGROUND AND PROCEDURAL HISTORY**

THE TRIAL AND APPEAL[4]

Mr. Jones and Darrel Page were members of a drug ring in Wilmington, Delaware. Cedric Reinford was the leader of the operation. On the evening of November 20, 1999, Mr. Jones, Mr. Page, and Mr. Reinford were together in Mr. Reinford's car in Wilmington.

On November 20, 1999, Mr. Jones, whose date of birth is March 14, 1982, was 17 years, 8 months old.

---

[4] For the facts surrounding the incident and trial, the Court is relying heavily on the "Background" portion of the Delaware Supreme Court's decision in *Jones v. State*, 940 A.2d 1, 6-7 (Del. 2007).

While the three were in Mr. Reinford's car, Mr. Jones shot and killed Mr. Reinford. Mr. Page and Mr. Jones then dowsed Mr. Reinford and his car with gasoline and set it on fire. Mr. Page and Mr. Jones then decided to go to Mr. Reinford's house to steal drug money from a safe in Mr. Reinford's home. After arriving at Mr. Reinford's house, Mr. Jones shot Mr. Reinford's brother, Muhammad, in the face. Mr. Jones then went to a bedroom and shot and killed Mr. Reinford's fiancée, Maneeka Plant. Miraculously, Muhammad survived and called 911 at 3:20 a.m. on November 21, 1999.

Later on November 21, 1999, at a hospital, Muhammad was able to identify both Mr. Page and Mr. Jones from a photo lineup and told the police what had happened. The subsequent police investigation led the police to question Kim Still, Mr. Page's girlfriend. Ms. Still told the police of Mr. Page's plan to recruit Mr. Jones to help him kill Mr. Reinford. Ms. Still also explained the circumstances surrounding why she drove to Philadelphia to pick up a car borrowed by Mr. Page and Mr. Jones, what happened when she met up with the two men, and what Mr. Page said to Ms. Still upon her being told by the police over the phone to return to Wilmington for questioning.

Mr. Page was arrested on November 3, 2000. The grand jury indicted Mr. Page and Mr. Jones on January 29, 2001. Mr. Jones was subsequently arrested on September 11, 2001 and extradited to Delaware on October 29, 2001.

The Court originally scheduled Mr. Jones' trial to start on November 12, 2002. During a January 25, 2002 proof positive hearing, the State notified the Court and Mr. Jones that it intended to seek the death penalty. After a court-ordered stay of all capital murder cases, Mr. Jones' trial was rescheduled for November 24, 2003.[5] Shortly before

---

[5] The Court stayed all capital murder cases after the United States Supreme Court decided *Ring v. Arizona*, 536 U.S. 584 (2002). *See Jones*, 940 A.2d at 6 n. 3.

his trial, Mr. Jones filed a motion to obtain new counsel. The Court granted that motion on November 17, 2003.

Mr. Jones' trial then began on January 11, 2005. After a full trial, the jury found Mr. Jones guilty of three counts of Murder First Degree, Robbery First Degree, Arson Second Degree and related weapons and conspiracy charges. Following the penalty phase of Mr. Jones' trial, the jury recommended, by a vote of eleven-to-one on two of the Murder First Degree counts and ten-to-two on the third Murder First Degree count, that Mr. Jones be sentenced to death. Before sentencing, the United States Supreme Court decided *Roper v. Simmons*[6] which made Mr. Jones ineligible for the death penalty because of his age.

After *Simmons* was decided, but before sentencing, counsel for Mr. Jones filed motions for the trial judge's recusal and for a new trial, both of which the trial judge denied. The Court sentenced Mr. Jones as follows: three counts of Murder First Degree – life imprisonment on each count; Robbery First Degree – 5 years; Arson Second Degree – one year; Endangering the Welfare of a Child (felony) – one year; three counts of Conspiracy First Degree – 2 years on each count; Conspiracy Second Degree – one year; four counts of Possession of a Firearm During the Commission of a Felony – 5 years on each count.

Mr. Jones appealed the judgment of conviction on October 12, 2005. The Delaware Supreme Court remanded the appeal for an evidentiary hearing. The Court held the evidentiary hearing on June 5, 2007 and issued its ruling on July 2, 2007. After the hearing, the Delaware Supreme Court affirmed the judgment of conviction on

---

[6] 543 U.S. 551 (2005).

December 12, 2007.  The Delaware Supreme Court issued its Mandate on January 3,

2008.

**THE FIRST POSTCONVICTION MOTION**

On May 21, 2008, Mr. Jones filed a *pro se* motion for postconviction relief (the

"First Postconviction Motion") under Rule 61 of the Superior Court Rules of Criminal

Procedure ("Criminal Rule 61").  The First Postconviction motion is lengthy (112 pages

long) and supported by exhibits.[7]  On May 30, 2008, the Superior Court judge who

oversaw the Court's conflicts program appointed counsel ("Rule 61 Counsel") to

represent Mr. Jones in connection with the First Postconviction Motion.  However, the

Superior Court judge assigned to the First Postconviction Motion – Mr. Jones' trial judge,

then presiding over Mr. Jones' criminal case – does not appear to have provided notice to

Mr. Jones regarding the appointment of the Rule 61 Counsel.  Mr. Jones, and not the Rule

61 Counsel, presented the First Postconviction Motion to the Court.  The Court ordered

Mr. Jones' trial counsel to submit affidavits regarding the relief sought in the First

Postconviction Motion.

Without awaiting further briefing or argument, the Court denied the First

Postconviction Motion on September 3, 2008.[8]  The Court's decision is detailed.  The

Court specifically addresses Mr. Jones' request for appointment of counsel and for an

evidentiary hearing.  In denying those requests, the Court stated:

> [Mr.] Jones has not demonstrated good cause for the Court to appoint
> counsel to assist in presenting this motion. As the record reflects, [Mr.]
> Jones submitted a one-hundred-and-twelve page postconviction motion in
> which he: (1) reviewed the record; (2) cited case law; and (3) made notes
> throughout numerous transcripts and letters in support of his arguments.
> He also included hundreds of pages of trial transcripts that he cited in his

---

[7] *State v. Jones*, I.D. No. 9911016309, 2008 WL 4173816, at *22 (Del. Super. Sept. 3, 2008).
[8] *Id.* at *23.

motion. Although a brief filed by an attorney would have been more succinct, [Mr.] Jones has fully developed his arguments and presented a coherent motion for the Court to analyze. Therefore, the Court declines to exercise its discretion to appoint counsel.

Furthermore, the Court is satisfied that appointment of counsel in this case would have been wasteful and unnecessary because [Mr.] Jones' claims lack merit. The Court has analyzed every single claim raised by [Mr.] Jones, none of which are supported by the record. Moreover, counsels' responses to the motion did not raise any further issues that the Court deemed appropriate for additional research, argument, or consideration. Indeed, the performance of defense counsel during the guilt phase of this case was of the highest caliber, notwithstanding [Mr.] Jones' valiant, thorough, and creative efforts to undermine it in his postconviction relief motion. Therefore, the Court declines to have an evidentiary hearing to address [Mr.] Jones' claims.[9]

The record does not reflect any involvement by the Rule 61 Counsel on matters related to the First Postconviction Motion when that motion was pending before the Court.

On October 23, 2008, Mr. Jones appealed the Court's decision on his First Postconviction Motion. The Rule 61 Counsel prosecuted the appeal. After briefing and oral argument, the Delaware Supreme Court affirmed the Court's decision on the First Postconviction Motion.[10]

**THE WRIT OF *HABEAS CORPUS***

Mr. Jones next sought relief in the Federal Courts. In 2009, Mr. Jones filed a petition for writ of *habeas corpus* (the "Petition") in the United States District Court for the District of Delaware. Mr. Jones raised nine grounds for relief in the Petition: (i) illegal arrest; (ii) speedy trial violations; (iii) a *Brady* violation; (iv) abuse of discretion by the Court on certain evidentiary rulings; (v) prosecutorial misconduct; (vi) ineffective

---

[9] *Id.*, 2008 WL 4173816, at *22-23 (citations omitted).
[10] *Jones v. State*, 968 A.2d 492 (table), 2009 WL 595574 (Del. 2009)(decision after "consideration of the briefs of the parties, and their contentions in oral argument….").

assistance of trial counsel; (vii) a *Batson* violation and related prosecutorial misconduct; (viii) abuse of discretion by the Court as to the admission of prior statements and certain photos of the victim and failing to sequester certain witnesses; and (ix) judicial misconduct and abuse of discretion by the Court in denying motions to recuse and for a new trial. The District Court denied the Petition.

Mr. Jones appealed the District Court's denial of the Petition to the United States Court of Appeals for the Third Circuit. The Third Circuit granted Mr. Jones application for appeal on three issues: (i) whether the District Court erred in finding Mr. Jones' speedy trial claim procedurally defaulted; (ii) if so, whether Mr. Jones' right to a speedy trial was violated; and (iii) whether Mr. Jones' due process rights were violated when the Court denied Mr. Jones' motions to recuse and for a new trial. The Third Circuit appointed counsel to represent Mr. Jones in the appeal. After receiving briefing on the issues, on January 30, 2015, the Third Circuit affirmed the District Court's denial of the Petition.

### THE RESENTENCE

The United States Supreme Court issued *Miller v. Alabama* in 2012. Utilizing 11 *Del. C.* §§ 4204A and 4209A and Rule 35A of the Superior Court Rules of Criminal Procedure, Mr. Jones moved to be resentenced. The Court granted the motion. The Court granted a request by Mr. Jones for appointment of conflicts counsel on December 20, 2013. On June 30, 2014, the Court held a sentencing hearing. At the conclusion of the hearing, the Court resentenced Mr. Jones to three life sentences for the Murder First Degree convictions – the Resentence. Mr. Jones did not appeal the Resentence.

**THE RULE 61 MOTION**

On June 23, 2015, Mr. Jones, through counsel, filed the Rule 61 Motion. On November 16, 2015, Mr. Jones amended the Rule 61 Motion. The Rule 61 Motion asserts five claims for relief: (i) the felony murder conviction must be vacated based on the holdings of *State v. Williams* and *State v. Chao* because evidence shows the murder was not in the furtherance of Robbery First Degree; (ii) trial counsel was ineffective because they did not properly investigate evidence demonstrating Mr. Jones' innocence; (iii) trial counsel was ineffective by failing to object to two 11 *Del. C.* § 3507 statements; (iv) trial counsel was ineffective during trial and on direct appeal; and (v) the Resentence was disproportionate to other juvenile resentencings under 11 *Del. C.* §§ 4204A and 4209A.

**THE DISMISSAL MOTION, THE RESPONSE AND THE REPLY**

On November 24, 2015, the State filed the Dismissal Motion, seeking summary dismissal of the Rule 61 Motion as untimely and procedurally barred. Mr. Jones first responded to the Dismissal Motion on December 18, 2015, filing his Response to Motion for Summary Dismissal. On March 23, 2016, Mr. Jones filed an Amended Response to Motion for Summary Dismissal (the "Response"). In the Response, Mr. Jones argues that the Rule 61 Motion is (i) timely because it was filed within one year of the Resentence; (ii) is not procedurally barred because the Court should apply the version of Criminal Rule 61 in effect before June 1, 2015 that contained the "fundamental fairness" exception of Criminal Rule 61(i)(5); and (iii) the Rule 61 Motion should be considered Mr. Jones' first request for relief under Criminal Rule 61 because Mr. Jones was not afforded use of

his Rule 61 Counsel in 2008.  On March 31, 2016, the State filed its State's Reply to Jones' Amended Response to Motion for Summary Dismissal (the "Reply").

The Court held a hearing on May 16, 2016.  At that hearing, the Court heard arguments on the Dismissal Motion, the Response and the Reply.  After the hearing, on May 20, 2016, Mr. Jones' counsel sent an electronic-mail communication to the Court, enclosing a Delaware Supreme Court decision relied on by counsel at the May 16, 2016 hearing.

## DISCUSSION

### LEGAL STANDARD UNDER CRIMINAL RULE 61

In the briefing, the parties state that Mr. Jones filed the Rule 61 Motion on June 22, 2014.  This is incorrect.  The docket in this criminal case clearly shows that the Rule 61 Motion was filed on ***June 22, 2015*** and not on June 22, 2014.[11]  This makes sense as the Court did not resentence Mr. Jones until June 30, 2014.[12]  Accordingly, the Court will apply the version of Criminal Rule 61 that was in effect on June 22, 2015.[13]

The Criminal Rule 61(i), effective June 1, 2015, establishes four procedural bars to postconviction relief.[14]  Criminal Rule 61(i)(1) provides that a motion for postconviction relief must be filed within one year of a final judgment of conviction.[15]  Under Criminal Rule 61(i)(2), successive motions are barred unless the motion satisfies

---

[11] D.I. No. 259 (Rule 61 Motion filed on June 22, 2015 and docketed on June 23, 2015).
[12] D.I. No. 252.
[13] The Court is applying the version of Criminal Rule 61 that was in effect at the time of the filing of the Motion.  *See Younger v. State*, 580 A.2d 552, 554 (Del. 1990).  In the initial briefings to the Court, both parties relied on Criminal Rule 61, effective prior to June 1, 2015, as the controlling version of Criminal Rule 61.  In response, the Court asked both parties to provide a letter brief to the Court explaining why the Court should, or should not, utilize the June 1, 2015 version of Criminal Rule 61 instead of Criminal Rule 61 in place prior to June 1, 2015.  Both parties agree that, because Mr. Jones filed the Rule 61 Motion on June 22, 2015, the version of Criminal Rule 61, effective on June 1, 2015, controls the Rule 61 Motion. *See* Def.'s. Letter Br. at 1; State's Letter Br. at 1–2.
[14] Super. Ct. Crim. R. 61(i)(1)-(4).
[15] Super. Ct. Crim. R. 61(i)(1).

9

the pleading requirements of Rule 61(d)(2)(i) or (d)(2)(ii).[16] Rule 61(i)(3) bars

consideration of any claim not asserted in the proceedings leading up to the judgment of

conviction unless the movant can show "cause for relief from the procedural default" and

"prejudice from violation of movant's rights."[17] Criminal Rule 61(i)(4) provides that

"any ground for relief that was formerly adjudicated, whether in the proceedings leading

to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a

federal habeas corpus proceeding, is thereafter barred."[18]

The procedural bars contained in Criminal Rule 61(i)(1-4) may be rescinded only

if there is a means by which to do so in the applicable subsection of Rule 61.[19] Absent

such relief, Rule 61(i)(5) provides additional reprieve from the procedural bars described

in Rule 61(i)(1-4).[20] Under Rule 61(i)(5), "[t]he bars to relief in paragraphs (1), (2), (3),

and (4) of this subdivision shall not apply either to a claim that the court lacked

jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i)

or (2)(ii) of subdivision (d) of this rule."[21]

Criminal Rule 61(d), including subparts 61(d)(2)(i) and (ii), provides:

(d) *Preliminary consideration*.

(1) First postconviction motion. A first postconviction motion shall be
presented promptly to the judge who accepted a plea of guilty or nolo
contendere or presided at trial in the proceedings leading to the judgment
under attack. If the appropriate judge is unavailable to consider the
motion, it shall be presented to another judge in accordance with the
procedure of the court for assignment of its work. The judge shall

---

[16] Super. Ct. Crim. R. 61(i)(2).

[17] Super. Ct. Crim. R. 61(i)(3).

[18] Super. Ct. Crim. R. 61(i)(4).

[19] *State v. MacDonald,* No. 90010077DI, 2007 WL 1378332, *4 (Del. Super. May 9, 2007).

[20] *Id.*; Super. Ct. Crim. R. 61(i)(5). Criminal Rule 61 was amended in June, 2014, and replaced the
"manifest injustice" and "interest of justice" exceptions with the present version of Criminal Rule 61(i)(5).
DELAWARE RULES ANNOTATED, at 892 (2015 ed. 2014).

[21] Super. Ct. Crim. R. 61(i)(5).

promptly examine the motion and contents of the files relating to the judgment under attack.

(2) Second or subsequent postconviction motions. A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after trial and the motion either:

(i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

(ii) pleads with particularity that a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[22]

Criminal Rule 61(i) establishes two procedural bars to motions for postconviction relief that are relevant here: (1) the motion must be filed within one year of a final judgment of conviction;[23] and (2) any motion for postconviction relief must satisfy Criminal Rule 61(d)(2).[24]

**THE RULE 61 MOTION IS PROCEDURALLY BARRED AND MUST BE SUMMARILY DISMISSED**

**The Rule 61 Motion is untimely.**

Under Criminal Rule 61(i)(1), the Criminal Rule must have been filed within one year after Mr. Jones' conviction became final. Mr. Jones appealed his conviction in 2005 and the Supreme Court affirmed his conviction and issued a mandate on March 15, 2007. Unless an exception applied, the Rule 61 Motion needed to be filed within a year from March 15, 2007.

---

[22] Super. Ct. R. Crim. P. 61(d)(2).
[23] Super. Ct. R. Crim. P. 61(i)(1).
[24] Super. Ct. R. Crim. P. 61(i)(2).

11

Mr. Jones argues that the Rule 61 Motion is timely because it was filed within a year of his resentencing on June 30, 2014. It is true that the Rule 61 Motion was filed within a year of June 30, 2014; however, the date of the resentencing does not control here. The Court has previously addressed this argument and rejected it in *State v. Govan*.[25] Although not a lengthy opinion, the decision in *Govan* involves a similar situation. Arthur Govan was convicted in 1993.[26] Thereafter, Mr. Govan filed a series of post-conviction motions.[27] The Court modified Mr. Govan's sentence on November 25, 2009.[28] The Court then summarily dismissed Mr. Govan's pending Criminal Rule 61 motion as not filed within one year of a final judgment of conviction.[29] The Supreme Court affirmed the Court's summary dismissal of Mr. Govan's post-conviction motion.[30]

Like Mr. Govan, Mr. Jones was convicted years ago – in 2005. Moreover, the convictions were upheld on appeal on March 15, 2007. The Rule 61 Motion was filed on June 22, 2015 which is more than one year from the date when his conviction became final. Unless a newly recognized retroactively applicable right applies, the Rule 61 Motion is untimely.[31]

---

[25] *State v. Govan*, ID. No. 92010166, 2010 WL 424235 (Del. Super. Feb. 5, 2010), *aff'd*, *Govan v. State*, 988 A.2d 937 (table), 2010 WL 424235 (Del. 2010).

[26] *Id.* at ¶1.

[27] *Id.* at ¶¶ 3-6.

[28] *Id.* at ¶8.

[29] *Id.* at ¶11 ("Here, Defendant's motion has not been filed within the one-year limitation. Defendant was initially convicted in 1993, and his convictions were upheld on appeal in 1995 – fourteen years ago.").

[30] *Govan v. State*, 988 A.2d 937 (table), 2010 WL 424235, at *1 (Del. 2010)("Appellant's fourth motion for postconviction relief clearly was time-barred, repetitive, and previously adjudicated, and appellant failed to overcome these procedural hurdles.").

[31] Criminal Rule 61 might allow Mr. Jones to attack his sentence, were it capital. But, due to the decision in *Roper v. Simmons* (which made Mr. Jones ineligible for the death penalty because of his age even though the jury had voted 11-1 and 10-2 in favor of application of the death penalty), Mr. Jones was sentenced to life in prison, and thus there is no relief available to him under Criminal Rule 61, as it concerns only capital sentences. *See* Super. Ct. Crim. R. 61(a)(1).

Mr. Jones claims that the Rule 61 Motion, as a whole, is timely because it was filed within one year of his resentencing.[32] As noted above, this could possibly be relevant for any challenges arising from Mr. Jones' resentencing, but since the Court did not impose a death penalty sentence on Mr. Jones, Criminal Rule 61 provides no remedy.[33]

Mr. Jones argues that the Court should look to the United States Supreme Court's decision in *Magwood v. Patterson*,[34] as a basis that the Rule 61 Motion is timely with respect to his attack on his underlying convictions.[35] However, as the State correctly points out, *Magwood* only allowed the defendant to challenge matters concerning his resentencing,[36] and explicitly left unaddressed the question of whether a defendant could challenge an underlying conviction.[37] Moreover, *Magwood* involves a federal habeas statute that allows a convicted person to challenge a non-capital sentence. Criminal Rule 61 does not. The Supreme Court's decision in *Magwood* regarding the ability to only challenge issues arising out of the resentencing follows a federal trend,[38] and arguably a national one.[39] The Court agrees with the national trend that a resentencing of a

---

[32] *E.g.*, Def.'s Mot. at 6.

[33] *See* Super. Ct. Crim. R. 61(a)(1).

[34] 561 U.S. 320, 322 (2010).

[35] Def.'s Amended Resp. to State's Mot. at ¶¶35-36.

[36] *Magwood v. Patterson* 561 U.S. 320, 339 (2010).

[37] *Id.* at 342, n. 16 (noting that "Several Courts of Appeal" have held that a convicted person who succeeds on habeas petition and is resentenced can only challenge that part of the judgment that arises as a result of the successful action).

[38] *See Pratt v. State*, 129 F.3d 54, 63 (1st Cir. 1997); *Esposito v. United States*, 135 F.3d 111, 113-14 (2d Cir. 1997); *Kirk v. Phelps*, 596 F.Supp.2d 835, 839-40 (D. Del., 2009); *In re Taylor*, 171 F.3d 185 (4th Cir. 1999); *Lang v. United States*, 474 F.3d 348, 352-53 (6th Cir. 2007); *Walker v. Roth*, 133 F.3d 454, 455 (7th Cir. 1997); *Richmond v. Ricketts*, 774 F.2d 957, 960 (9th Cir. 1985); *In re Green*, 215 F.3d 1195, 1196 (11th Cir. 2000).

[39] *See State v. Rosales*, 66 P.3d 1263, 1267 (Ariz. Ct. App. 2003)(finding that movant's previous motion did not preclude him from attacking his sentencing because it did not provide an opportunity for him to raise the claims he brings now); *People v. McPherson*, 53 P.3d 679, 681 (Colo. App. 2001)(finding that resentencing does not restart statutory post-conviction remedy clock for movant to challenge underlying convictions); *Boyd v. State*, 106 So.3d 11, 12 (Fla. Dist. Ct. App. 2013)(determining that post-conviction remedy clock runs, for the purposes of challenging *sentencing,* when movant's sentence is filed); *State v.*

defendant does not "re-set the post-conviction remedy clock" with respect to the underlying conviction.

Mr. Jones could contend that the Rule 61 Motion is timely because it asserts a newly retroactively applicable right from either *Williams v. State*[40] or *State v. Chao*[41] – arguing that his murder conviction violates the rulings in those cases. This argument would also fail. Judgment on his underlying conviction became final when the Supreme Court issued its mandate on March 15, 2007. *Williams* and *Chao* were decided in 2002[42] and 2007[43] respectively. As such, the Rule 61 Motion would need to have been filed before March 15, 2008.

> **The Rule 61 Motion is a Successive Motion Procedurally Barred for Failing to Plead the Existence of New Exculpatory Evidence or a New Rule of Constitutional Law, Made Retroactive to Cases on Collateral Review by the United States Supreme Court or the Delaware Supreme Court.**

The Rule 61 Motion is procedurally barred as successive and failing to satisfy Criminal Rule 61(i)(5) and 61(d)(2). Criminal Rule 61 mandates that all grounds for post-conviction relief be stated in the first motion, and that subsequent motions may only include matters unable to be addressed by appeal or previous motion for post-conviction relief.[44] Thus, any motion containing grounds for relief that were addressed—or could

---

*Brumfield*, 152 So.3d 870 (La. 2014)(finding that sentence vacation did not allow movant to challenge underlying conviction when facts for said motion were known at time of trial); *Bain v. State*, 59 S.W.3d 625, 626-27 (Mo. Ct. App. 2001); *State v. Dugan*, 627 A.2d 1240, 1242-43 (N.J. Super. Ct. App. Div. 1996); *State* v. Dawson No. 2012-CA-54, 2013 WL 1870540 at *4 (Ohio Ct. App. May 3, 2013); *Baker v. State*, 989 S.W.2d 739 (Tenn. Crm. App. 1998); *but see also, State v. Viramonte*s, 118 P.3d 630, 631-32 (Ariz. Ct. App. 2005)(finding that resentencing starts the clock for movant's ability to challenge sentencing and underlying conviction).
[40] 818 A.2d 906 (Del. 2002).
[41] 931 A.2d 1000 (Del. 2007).
[42] *Williams,* 818 A.2d at 906.
[43] *Chao*, 931 A.2d at 1000.
[44] Rule (i)(2); *See also Younger v. State*, 580 A.2d 552, 554-55 (Del. 1990).

have been addressed—in a previous motion, are deemed successive insofar as the motion pertained to those grounds. [45]

Mr. Jones first filed the First Postconviction Motion on May 21, 2008.[46] The Court denied that motion on September 3, 2008. Mr. Jones, with the assistance of the Rule 61 Counsel, appealed the September 3, 2008 decision. The Supreme Court affirmed the September 8, 2008 decision in *Jones v. State*[47] on March 9, 2009.[48] Any and all grounds for attacking Mr. Jones' convictions were made, or should have been made in the First Postconviction Motion.[49] Mr. Jones' attacks on his convictions are successive, and the matter formerly adjudicated.

Mr. Jones makes two arguments that the Rule 61 Motion is not successive. First, Mr. Jones contends that the Court should not have considered the First Postconviction Motion under Criminal Rule 47[50] because Mr. Jones proceeded *pro se* at a time when he was represented by an attorney. Second, Mr. Jones argues that the claims made in the Rule 61 Motion fall into a type of "interest of justice" exception.[51]

Criminal Rule 47 merely states a represented defendant does not have a right to have his or her *pro se* motion considered. The Supreme Court has held, however, that trial courts are given the discretion to entertain *pro se* motions made by represented parties – *i.e.*, it is within the Court's discretion to allow a criminal defendant to participate in his own defense even while represented by counsel.[52] A fact not fully

---

[45] Del. Super. Crim. R. 61(i)(4).
[46] Def.'s Mot. at 3.
[47] 968 A.2d 492(table), 2009 WL 595574 (Del. 2009).
[48] Def.'s Mot. at 4.
[49] Super. Ct. Crim. R. 61(b)(2).
[50] Def's Amended Resp. at ¶ 26
[51] *Id.* at ¶ 24.
[52] *Pringle v. State*, No. 694, 2011, 2013 WL 1087633 (Del. March 13, 2013)(citing *In re Haskins*, 551 A.2d 65, 66 (Del. 1988)).

15

addressed by the parties is that the Court did consider whether Mr. Jones could proceed *pro se*. Moreover, Mr. Jones could have, but did not, challenge that determination on appeal.

In its September 3, 2008 decision, the Court addressed and denied Mr. Jones' request to proceed with counsel on the First Postconviction Motion. The Court stated:

> [Mr.] Jones has not demonstrated good cause for the Court to appoint counsel to assist in presenting this motion. As the record reflects, [Mr.] Jones submitted a one-hundred-and-twelve page postconviction motion in which he: (1) reviewed the record; (2) cited case law; and (3) made notes throughout numerous transcripts and letters in support of his arguments. He also included hundreds of pages of trial transcripts that he cited in his motion. Although a brief filed by an attorney would have been more succinct, [Mr.] Jones has fully developed his arguments and presented a coherent motion for the Court to analyze. Therefore, the Court declines to exercise its discretion to appoint counsel. [53]

Mr. Jones appealed the September 3, 2008 decision. If the Court was wrong in its September 3, 2008 decision regarding appointment of counsel, allowing Mr. Jones to proceed even though appointed counsel by another judge, application of Criminal Rule 47 or otherwise, Mr. Jones (and the Rule 61 Counsel) could, and should, have raised the issue before the Supreme Court. In any event, the Supreme Court affirmed the September 8, 2008 decision. [54]

Mr. Jones' "interest of justice" exception has not existed since Criminal Rule 61 was amended in June of 2014. [55] Despite this, Mr. Jones argues that the Court should consider this motion for post-conviction relief his first, because it is his first such motion

---

[53] *Id.*, 2008 WL 4173816, at *22-23 (citations omitted).

[54] The Court also agrees with the State's position that failure to have counsel on a first postconviction motion does not mean that a subsequently filed motion with counsel is not considered a successive motion. *See, e.g., Washington v. State*, 100 A.3d 1022(table), 2014 WL 4243590 (Del. 2014); *Roten v. State*, 80 A.3d 961 (table), 2013 WL 5808236 (Del. 2013).

[55] DELAWARE RULES ANNOTATED, at p. 892 (2015 ed. 2014).

filed with the aid of counsel,[56] and that the conduct of the trial judge deprived Mr. Jones of a meaningful opportunity to raise his claims.[57] In support, Mr. Jones notes that the Supreme Court, in *Guy v. State*,[58] found the defendant's third motion for post-conviction relief should not be considered successive because he had no opportunity to raise his ineffective assistance of counsel claims.[59] But *Guy* is inapplicable here: the Supreme Court based its decision on the now non-existent "in the interest of justice" exception,[60] and the case concerned a motion dealing with claims arising from the defendant's post-conviction proceedings—not the underlying convictions themselves.[61]

The Rule 61 Motion asserts five claims for relief: (i) the felony murder conviction must be vacated based on the holdings of *State v. Williams* and *State v. Chao* because evidence shows the murder was not in the furtherance of Robbery First Degree; (ii) trial counsel was ineffective because they did not properly investigate evidence demonstrating Mr. Jones' innocence; (iii) trial counsel was ineffective by failing to object to two 11 *Del. C.* § 3507 statements; (iv) trial counsel was ineffective during trial and on direct appeal; and (v) the Resentence was disproportionate to other juvenile resentencings under 11 *Del. C.* §§ 4204A and 4209A. Mr. Jones does not plead with particularity that new evidence creates a strong inference that he is innocent or that a new (*i.e.*, within the past year) rule of constitutional law applies retroactively to invalidate his sentence. Instead, Mr. Jones makes claims of ineffective assistance of counsel, a claim regarding two older Supreme Court decisions and a claim regarding sentencing that cannot be raised under Criminal

---

[56] Def.'s Amended Resp. at ¶ 36.
[57] *E.g.*, *Id.* at ¶¶ 25-26, 28.
[58] 82 A.3d 710 (Del. 2013).
[59] Def.'s Amended Resp. at ¶¶27-28; *Guy v. State*, 82 A.3d at 715-16.
[60] *Guy*, 82 A.3d at 714.
[61] *Id.* at 712.

Rule 61(a)(1).  As such, the Court holds that the Rule 61 Motion is procedural barred and should be summarily dismissed.

## CONCLUSION

Therefore, for the reasons set forth above, the Petitioner Michael Jones' Amended Motion for Postconviction Relief is **SUMMARILY DISMISSED** and the State's Motion for Summary Dismissal is **GRANTED**.

/s/ *Eric M. Davis*
**Eric M. Davis, Judge**

18