IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARK KIRK, | § | |
| | § | No. 17, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 9612002650 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 11, 2020
Decided: April 24, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we conclude that the judgment of the Superior Court should be affirmed on the basis of its December 16, 2019 order, adopting the commissioner's well-reasoned order recommending that the appellant's sixth motion for postconviction relief be summarily dismissed. As the commissioner

correctly noted, the appellant's claim that the Superior Court lacked jurisdiction[1] is procedurally barred as having been previously adjudicated.[2]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[1] Del. Super. Ct. Crim. R. 61(i)(5).

[2] Del. Super Ct. Crim. R. 61(i)(4); *Kirk v. State*, 2005 WL 3526325, at *2 (Del. Dec. 23, 2005) (rejecting Kirk's claim that the Superior Court lacked jurisdiction to reduce Kirk's convictions to lesser-included offenses in light of our holding in *Williams v.* State, 818 A.2d 906 (Del. 2003), and explicitly finding that the Superior Court did not violate any of Kirk's constitutional rights in doing so).