**Tyrone GUY, Defendant Below–Appellant,**

v.

**STATE of Delaware, Plaintiff Below–Appellee.**

**No. 400, 2013.**

Supreme Court of Delaware.

Submitted: Oct. 2, 2013.

Decided: Nov. 27, 2013.

Rehearing En Banc Denied Dec. 20, 2013.

---

75. 8 *Del. C.* § 278.

Tyrone Guy, pro se, Vaughn Correctional Center, Smyrna, Delaware, appellant.

Maria T. Knoll, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, for appellee.

Before HOLLAND, BERGER and RIDGELY, Justices.

HOLLAND, Justice:

In this appeal from the Superior Court's denial of Tyrone Guy's ("Guy") motion for postconviction relief, we address how the procedural bars of Superior Court Criminal Rule 61 apply to Guy's claims, including his claim of ineffective assistance of postconviction counsel. Guy advances two arguments in this appeal: first, that the Superior Court erred during his trial by failing to give the "modified *Bland*"[1] jury instruction on accomplice testimony mandated by this Court's 2012 decision in

*Brooks v. State;*[2] and second, that his appointed counsel was ineffective in his first postconviction proceeding for failing to present ten out of eleven claims of ineffective assistance of trial counsel. We conclude that Guy's claims are untimely and that his first claim was previously adjudicated. Guy has failed to overcome these procedural hurdles. Accordingly, we affirm the Superior Court's judgment in this case, although we do so on independent and alternative grounds.[3]

### Facts

In July 2004, a Superior Court jury convicted Guy of Intentional Murder in the First Degree, Felony Murder in the First Degree, Possession of a Firearm During the Commission of a Felony, Attempted Robbery in the First Degree, and Robbery in the Second Degree for the robbery and murder of an ice cream truck operator, Abdullah Alameri. The Superior Court sentenced Guy to two life terms of imprisonment plus a term of years. Guy raised eight issues on direct appeal, including a claim that the Superior Court erred in denying defense counsel's request for a jury instruction on accomplice testimony in response to the trial testimony of Robert Zayas ("Zayas"), who Guy alleged was an uncharged coconspirator in his crimes. The Superior Court denied defense counsel's request for the jury instruction because "there was no evidence that Zayas participated in the attempted robbery or fatal shooting."[4] We affirmed that ruling, as well as Guy's convictions and sentence on direct appeal.[5]

1. *Bland v. State*, 263 A.2d 286 (Del.1970).

2. *Brooks v. State*, 40 A.3d 346 (Del.2012).

3. *See Torrence v. State*, 2010 WL 3036742 (Del. Aug. 4, 2010) (*citing Unitrin, Inc. v.* *American Gen'l Corp.*, 651 A.2d 1361, 1390 (Del.1995)).

4. *Guy v. State*, 913 A.2d 558, 563 (Del.2006).

5. *Id.*

With the assistance of counsel, Guy filed a motion for postconviction relief in January 2008,[6] which the Superior Court denied. While his appeal from that ruling was pending, Guy filed a second motion for postconviction relief *pro se*, which the Superior Court rejected because of his pending Supreme Court appeal. On September 28, 2009, at the State's request, this Court remanded Guy's appeal from the denial of his first motion in order to allow Guy to file the claims asserted in his second postconviction motion with the assistance of counsel.[7] The Superior Court denied Guy's supplemental motion on remand in December 2009. We affirmed the denial of all Guy's postconviction claims on August 3, 2010.[8]

In March 2013, Guy filed a *pro se* motion for postconviction relief.[9] He asserted in that motion that the Superior Court erred in failing to give a "modified *Bland*" jury instruction at his trial and that his appointed postconviction counsel had been ineffective for failing to present ten out of eleven claims of ineffective assistance of trial counsel. The Superior Court denied both issues on the merits but further concluded that Guy's claim of ineffective assistance of postconviction counsel was procedurally barred for his failure to raise the claim earlier. This appeal followed.

**6.** Guy initially filed his motion *pro se* in March 2007, but the Superior Court appointed counsel at Guy's request and allowed counsel to file a supplemental motion.

**7.** *Guy v. State*, 2009 WL 3087248 (Del. Sept. 29, 2009).

**8.** *Guy v. State*, 999 A.2d 863 (Del.2010). The mandate on appeal issued on August 19, 2010.

**9.** Because of the manner in which Guy's first and second postconviction motions were presented by the same attorney and were resolved in one appellate proceeding, we consider his most recent motion to be his second

### Standard of Review

■ We review the Superior Court's denial of postconviction relief for abuse of discretion,[10] although questions of law are reviewed *de novo*.[11] Like the Superior Court, we first must apply the procedural requirements of Superior Court Criminal Rule 61(i) before considering the merits of any postconviction claim on appeal.[12] Rule 61(i)(1) bars any claim for postconviction relief that was not filed within one year after the judgment of conviction became final unless the claim asserts a newly recognized, retroactively applicable right that is asserted within one year after the right is first recognized[13] or unless there is a colorable claim of a miscarriage of justice due to a constitutional violation that undermines the reliability of the conviction.[14] Rule 61(i)(4) provides that any ground for relief that was previously adjudicated is thereafter barred unless reconsideration is warranted in the interests of justice.[15]

### Procedurally Barred Accomplice Testimony Jury Instruction

Guy's first claim on appeal is that the Superior Court erred at his trial in failing to give a "modified *Bland*" instruction to the jury regarding accomplice testimony. In his direct appeal, Guy argued, among other things, that the Superior Court had

postconviction motion, contrary to the Superior Court's consideration of the motion as Guy's third such motion.

**10.** *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

**11.** *Neal v. State*, 80 A.3d 935 (Del.2013).

**12.** *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

**13.** Del.Super. Ct.Crim. 61(i)(1) (2013).

**14.** *Id.* 61(i)(5).

**15.** *Id.* 61(i)(4).

erred in refusing to grant his request for an accomplice testimony instruction. We affirmed the Superior Court's denial of the requested instruction on the ground that the evidence did not support a factual finding that the identified witness, Robert Zayas, participated as an accomplice to Guy's crimes. Having previously considered and rejected this claim, we are not required to reconsider it unless the interests of justice so require.[16]

█ In order to overcome this procedural hurdle, Guy contends that reconsideration of his claim is warranted in the interest of justice in light of this Court's 2012 decision in *Brooks v. State*.[17] Guy contends that *Brooks* announced a "new rule" that requires the trial court to give a specific jury instruction on accomplice testimony, whether or not it is requested, whenever a self-identified accomplice, whether or not charged as an accomplice, testifies at trial. Guy argues that he is entitled to the benefit of this new rule.

█ There are two flaws in Guy's argument. First, in denying Guy's request at trial for a jury instruction on accomplice testimony, the Superior Court held that the evidence did not support a finding that Zayas was an accomplice in the attempted robbery or murder. We affirmed that ruling on appeal. Our decision in *Brooks* did not alter or expand the definition of "accomplice."[18] Thus, the holding of *Brooks* has no bearing on Guy's case. Guy simply was not entitled as a matter of fact or law to an accomplice testimony instruction under *Bland* or under *Brooks*. Second, even

if the holding of *Brooks* was relevant to Guy's case, the mandatory instruction set forth in *Brooks* does not apply retroactively. We specifically held that the modified *Bland* instruction was required only in cases pending as of March 15, 2012 or filed thereafter.[19] Thus, contrary to Guy's contention, our holding in *Brooks* did not create a retroactively applicable right in order to overcome the time bar of Rule 61(i)(1). Guy has failed to establish under Rule 61(i)(4) that reconsideration of his previously adjudicated claim is warranted in the interest of justice. Accordingly, we conclude that Guy's first claim on appeal is procedurally barred.

### No Procedural Bar Ineffective Assistance of Postconviction Counsel

Guy's second argument on appeal is that his postconviction counsel was ineffective for failing to raise ten out of eleven claims of ineffective assistance of trial counsel. The Superior Court rejected Guy's claim as conclusory and also held that the claim was procedurally barred by Rule 61(i)(2) for his failure to raise the claim in the second postconviction motion he filed in that court.

Delaware Superior Court Criminal Rule 61(i)(2) provides that "[a]ny ground for relief that was not asserted in a prior postconviction proceeding . . . is thereafter barred, unless consideration of the claim is warranted in the interest of justice."[20] Because the Superior Court erroneously treated Guy's latest postconviction motion

---

**16.** *Id.*

**17.** 40 A.3d 346 (2012).

**18.** *See id.* at 350 (holding that a "witness qualifies as an accomplice if he or she meets the definition of one" under 11 Del. C. § 271(2)b., which is the same statute that applied to Guy's case).

**19.** *Id.* at 355 ("Effective March 15, 2012, any case involving accomplice testimony, trial judges must now give our modified version of the *Bland* instruction.")

**20.** Del.Super. Ct.Crim. R. 61(i)(2) (2013).

as his third such motion, it concluded that his claims against his postconviction counsel should have been raised in his second motion. The Superior Court failed to acknowledge, however, that the same appointed counsel represented Guy in filing both his first and second postconviction motions in that court and that appointed counsel continued to represent Guy in his one and only postconviction appeal to this Court from the denial of both motions. Accordingly, Guy had no opportunity in that prior proceeding to raise a claim of ineffectiveness against the postconviction counsel who was still representing him. Accordingly, we do not find Guy's claim of ineffective assistance of postconviction counsel to be procedurally barred by Rule 61(i)(2).

### Time Bar Applies Ineffective Assistance of Postconviction Counsel

The State argues that Guy's claim is barred by the one year time limitation of Rule 61(i)(1). According to the State, Guy had until December 12, 2007, which was one year following the issuance of this Court's mandate on Guy's direct appeal, in order to file all of his postconviction claims. While we agree that Guy's ineffective assistance of postconviction counsel claim is time-barred in this case, we cannot agree that Guy only had until December 12, 2007 to argue this particular claim.

██ Rule 61(i)(1) provides, among other things, that a motion for postconviction relief may not be filed more than one year after a judgment of conviction is final. We have held that a judgment of conviction is final once this Court issues the mandate

following a defendant's direct appeal.[21] In a case such as Guy's, however, in which the Superior Court appointed counsel to represent him in his first postconviction proceeding, a defendant's first chance to raise a claim that appointed postconviction counsel was constitutionally ineffective will not occur until the defendant has the opportunity to pursue a second postconviction motion. It is implausible that a second postconviction motion could ever be filed within one year after the judgment of conviction becomes final. Accordingly, we reject the State's assertion that Guy was required to file his ineffective assistance of postconviction counsel claim within one year following the conclusion of his direct appeal.

██ Instead, we conclude that fairness requires that the one-year time limitation on a claim of ineffective assistance of postconviction counsel shall begin to run when the defendant's appeal to this Court from the Superior Court's denial of his first motion for postconviction relief is concluded or, if no appeal was taken, within 30 days following the Superior Court's denial of the defendant's first motion for postconviction relief. This rule recognizes, as the United States Supreme Court recently noted, that in a jurisdiction like Delaware, where ineffective assistance of trial counsel may not be raised on direct appeal, the first postconviction "proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim."[22] Accordingly, when a defendant subsequently claims that his postconviction counsel was ineffective in pursuing his ineffective assistance of trial counsel claims,

---

21. *Staats v. State*, 961 A.2d 514, 517 (Del. 2008). We held in *Staats* that, "If the defendant filed a direct appeal of his convictions, the time period under Rule 61(i)(1) 'begins to run when the direct appeal process is complete, which for this Court, is the date of the issuance of the mandate under Supreme Court Rule 19.'" *Id.* (quoting *Jackson v. State*, 654 A.2d 829, 832–33 (Del.1995)).

22. *Martinez v. Ryan*, —— U.S. ——, 132 S.Ct. 1309, 1317, 182 L.Ed.2d 272 (2012).

we hold that those claims must be filed within one year following the conclusion of the defendant's first postconviction proceeding.

In this case, the mandate in Guy's first postconviction appeal was issued on August 19, 2010. Guy did not file his second motion for postconviction relief raising his claims of ineffective assistance of postconviction counsel until March 11, 2013, more than two-and-a-half years after his postconviction appeal was decided. Thus, we conclude that Guy's ineffective assistance of postconviction counsel claims were untimely. Moreover, we agree with the Superior Court's finding that Guy's claims of ineffectiveness were so conclusory as to fail to overcome this procedural hurdle under Rule 61(i)(5).

### *Conclusion*

The judgment of the Superior Court is AFFIRMED.