# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,      )
                                 )

      v.                       )
                                 )

VINCENT E. HICKS,        )
                                 )     ID. No. 0812020875

      Defendant.     )
                                 )
                                 )

Decided: May 4, 2015

Defendant's Motion for Postconviction Relief is **DENIED.**
Counsel's Motion to Withdraw is **MOOT.**

# ORDER

Joseph Grubb, Esquire, Deputy Attorney General, Department of Justice, Attorney for the State.

Vincent E. Hicks, *pro se* Defendant.

Donald R. Roberts, Esq., 900 Kirkwood Highway, Elsmere, Delaware, 19805. Attorney for the Defendant.

**Scott, J.**

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Vincent E. Hicks ("Defendant") was arrested on February 12, 2009. He was indicted by a grand jury on March 16, 2009, for Possession of a Firearm During the Commission of a Felony, Kidnapping First Degree, Assault Second Degree, Aggravated Menacing, Possession of a Firearm by a Person Prohibited, and Conspiracy Second Degree. Defendant was originally represented by Brian J. Chapman, Esq., and trial was scheduled for September 22, 2009. However, due to a conflict, Mr. Chapman moved for a continuance. The Trial Court granted the motion, and appointed new counsel, Peter N. Letang, Esq., to represent Defendant at trial. The new trial date was scheduled for November 3, 2009, but was continued because the assigned prosecutor was involved in an unrelated murder trial. Trial ultimately commenced on February 23, 2010.

On March 3, 2010, the jury returned guilty verdicts on the charges of Assault Second Degree, Conspiracy Second Degree (2 counts), Aggravated Menacing, Possession of a Firearm During the Commission of a Felony, and Possession of a Firearm by a Person Prohibited. Prior to trial and later before sentencing, Defendant attempted to appeal the matter to the Delaware Supreme Court, both of which were dismissed due to lack of jurisdiction. On March 9, 2010, Mr. Letang filed a Motion to Withdraw as Counsel on the basis of Defendant's hostility to Mr.

2

Letang during the trial process. The motion was granted and Gregory M. Johnson, Esq. was appointed to represent Defendant at sentencing.

Defendant was sentenced on November 15, 2010, and received 11 years at Level V, followed by probation at Level III.

Defendant filed a timely appeal to the Delaware Supreme Court, asserting (1) his right to a speedy trial was violated, (2) the indictment was improperly amended during trial, (3) his constitutional rights under the Fourth and Fifth Amendment were violated, and (4) his trial counsel provided ineffective assistance. On July 21, 2011, the Supreme Court denied Defendant's claims and affirmed the conviction.

On October 10, 2013, Defendant filed this *pro se* Motion for Postconviction Relief. Defendant was subsequently assigned counsel, Donald R. Roberts, Esq. ("Counsel"). Counsel then filed a Motion to Withdraw as Postconviction Counsel pursuant to Superior Court Criminal Rule 61(e)(1) and (2) on October 31, 2013. In response to Counsel's motion to withdraw, Defendant filed supplemental grounds for his motion for postconviction relief on January 12, 2015.

## DEFENDANT'S RULE 61 MOTION

Defendant's motion, and supplemental claims, assert the following grounds for postconviction relief: (1) Defendant's constitutional rights under the Fourth and Fifth Amendment were violated because of his unlawful arrest on December 18, 2008; (2) Defendant's right to a speedy trial was violated; (3) Defendant's indictment was improperly amended during trial; (4) Defendant's substantive and procedural due process rights were violated because of the State's *Brady* violation during trial; (5) Defendant was entitled to a *Bland* jury instruction; (6) Defendant's Fifth Amendment right against self-incrimination was violated by the stipulation of fact signed by the State and trial counsel that Defendant was a person prohibited at that time of the charged offenses; and (7) several bases for ineffective assistance of trial counsel.[1]

## STANDARD OF REVIEW

Rule 61 of the Superior Court Rules of Criminal Procedure ("Rule 61") governs motions for postconviction relief. In reviewing motions for postconviction relief, Delaware law requires the Court to first look at Rule 61's procedural requirements before examining the motion on its merits.[2] Rule 61(i) sets forth the possible procedural bars to post-conviction relief: (1) a motion for postconviction relief cannot be filed more than one year after the judgment of conviction is final; (2) any ground for relief not asserted in a prior postconviction motion is barred; (3)

---

[1] Referenced as "Ground(s) __" throughout opinion.
[2] *Ayers v. State*, 802 A.2d 278, 281 (Del. 2002).

any ground for relief not asserted in the proceedings leading to the judgment of conviction is barred; and (4) any ground for relief that was formerly adjudicated is barred.[3]

A motion exceeds time limitations under Rule 61(i)(1) if it is filed more than one year after the conviction is finalized or the defendant asserts a newly recognized, retroactively applied right more than one year after it is first recognized.[4] "A judgment of conviction is final…[i]f the defendant files a direct appeal or there is an automatic statutory review of a death penalty, when the Supreme Court issues a mandate or order finally determining the case on direct review."[5]

A motion is considered repetitive under Rule 61(i)(2), and therefore barred, if it asserts any ground for relief "not asserted in a prior postconviction proceeding."[6] Repetitive motions are only considered if it is "warranted in the interest of justice."[7] Under Rule 61(i)(3), grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedural default unless movant can show "cause for relief" and "prejudice from [the] violation."[8]

---

[3] Super. Ct. Crim. R. 61(i)(1)-(4).
[4] Super. Ct. Crim. R. 61(i)(1).
[5] Super. Ct. Crim. R. 61(m)(2); *Guy v. State*, 82 A.3d 710, 715 (Del. 2013).
[6] Super. Ct. Crim. R. 61(i)(2).
[7] *Id.*
[8] Super. Ct. Crim. R. 61(i)(3).

Despite these requirements, a defendant may avoid the first three procedural imperatives, pursuant to Rule 61(i)(5), if the claim is jurisdictional or presents "a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[9] However, this fundamental fairness exception "is a narrow one and has been applied only in limited circumstances, such as when the right relied upon has been recognized for the first time after the direct appeal."[10] "While [a] 'colorable claim' does not necessarily require a conclusive showing of trial error, mere 'speculation' that a different result might have obtained certainly does not satisfy the requirement."[11]

Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus hearing," are barred under Rule 61(i)(4).[12] Former adjudications are only reconsidered if "warranted in the interest of justice."[13]

## DISCUSSION

---

[9] Super. Ct. Crim. R. 61(i)(5).

[10] *Younger v. State,* 580 A.2d 552, 555 (Del. 1990).

[11] *State v. Getz*, 1994 WL 465543, *11 (Del. Super. Jul. 15, 1994) (finding no exception under Rule 61(i)(5) to the procedural bars of Rule 61).

[12] Super. Ct. Crim. R. 61(i)(4).

[13] *Id.*

Defendant has failed to overcome the procedural requirements of Superior Court Criminal Rule 61(i).[14] The entire motion is barred for untimeliness under Rule 61(i)(1) because the judgment of conviction became final on the date of the Supreme Court's mandate, July 21, 2011. Defendant had until July 21, 2012 to timely file this motion; however, Defendant did not file this motion until October 10, 2013. Nor has Defendant asserted a retroactively applicable, newly recognized right. Additionally, Defendant's Grounds 2-3 are barred under Rule 61(i)(4) because those claims have been formerly adjudicated, and Grounds 4-6 are barred under Rule 61(i)(3) because they are grounds for relief not asserted in the proceedings leading to the judgment of conviction. Moreover, Defendant has not asserted "a colorable claim that there was a miscarriage of justice" to overcome these two procedural bars.[15] For these reasons, Defendant's motion for postconviction relief is procedurally barred under Super. Ct. Crim. Rule 61(i). However, the Court will now more fully address each ground individually.

### I. Ground One

Defendant's first ground for relief on this motion relates to an alleged due process violation under the Fourth and Fifth Amendment. Defendant argues that he was subjected to a warrantless arrested by Wilmington Police Department on

---

[14] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991) (stating the court must first apply the procedural bar under Rule 61 before considering the merit of any claim); *Younger*, 580 A.2d at 554.

[15] *See* Rule 61(i)(5).

December 18, 2008, for a violation of probation. While there is nothing in the record before the Court to confirm when Defendant was arrested, the Court will infer the relative accuracy of Defendant's asserted date from the Delaware Supreme Court's decision on Defendant's appeal in this matter:

> Hicks was arrested on the relevant charges on February 12, 2009, at the Howard R. Young Correctional Facility, where he was being held on a violation of probation warrant.[16]

Regardless of the date, it is clear to the Court based on the record that any arrest for a violation of probation, and resulting charge(s), were unrelated to Defendant's convictions at issue on this motion. Therefore, this claim is not properly brought on this motion, and any challenge to that December 2008 arrest or subsequent violation of Defendant's due process rights should have been timely filed separate from this matter. Accordingly, Ground 1 of Defendant's motion for postconviction relief fails.

## II. Grounds Two and Three

Defendant's second and third grounds for this motion are procedurally barred under Rule 61(i)(4), as claims formerly adjudicated.[17] Ground 2 asserts that Defendant's right to a speedy trial was violated. This claim was adjudicated by the Delaware Supreme Court on Defendant's appeal of his convictions in this case. On this claim, the Supreme Court held that

---

[16] *Hicks v. State*, No. 741, 2010, ¶ 8 (Del. Jul. 21, 2011).
[17] *See Id.*

8

[b]oth continuances were requested and granted for good cause. We do not find a delay of one year under the circumstances presented here to be presumptively prejudicial. As for the speedy trial factors, the record does not reflect that Hicks, either *pro se* or through counsel, ever asserted his right to a speedy trial in the Superior Court. Nor does Hicks identify any prejudice suffered by him as the result of any alleged violation of his right to a speedy trial. Weighing all of the above, we find Hicks's claim of a speedy trial violation to be without merit.[18]

Therefore, the Court finds that Ground 2 on this motion has already been adjudicated by the Supreme Court on Defendant's appeal of these convictions.

Ground 3 asserts that Defendant's rights were violated because the indictment against him was improperly amended during trial. This claim was also adjudicated by the Supreme Court on Defendant's appeal of his convictions in this case. On this claim, the Supreme Court held that

Hicks's claims of an improperly amended indictment and violations of his Fourth and Fifth Amendment rights are asserted without any record support. Nor does our review of the record in this case reveal a factual basis for any such claims. As such, we conclude that they, too, are without merit.[19]

Defendant has offered no additional record support for this claim than was before the Supreme Court. Thus, the Court finds Ground 3 on this motion has already been adjudicated by the Supreme Court on Defendant's appeal of these convictions.

---

[18] *Id.* at ¶¶ 8-9.
[19] *Id.* at ¶ 10.

The "colorable claim" exception to Rule 61(i)'s procedural bars applies only to the first three procedural bars; it is not applicable to claims barred under Rule 61(i)(4) as formerly adjudicated. Therefore, Grounds 2 and 3 on this motion are necessarily procedurally barred under Rule 61(i)(4). Furthermore, the Court finds that, for the reasons stated by the Supreme Court, these two grounds are also without merit.[20] Accordingly, Grounds 2 and 3 on Defendant's motion for postconviction relief fail.

### III. Grounds Four, Five and Six

In Ground 4 on this motion, Defendant asserts that his substantive and procedural due process rights were violated because of the State's *Brady* violation during trial. Ground 5 asserts that Defendant was entitled to a *Bland* jury instruction. Finally, in Ground 6 Defendant asserts that his Fifth Amendment right against self-incrimination was violated by the stipulation of fact signed by the State and trial counsel that Defendant was a person prohibited at that time of the charged offenses. However, each of these claims should have been objected to at trial and raised on Defendant's appeal of his convictions to the Supreme Court. In other words, these grounds are not properly raised for the first time in this motion.

---

[20] *See Hicks*, No. 741, 2010.

Therefore, the Court finds that these grounds are procedurally barred under Rule 61(i)(3). Accordingly, these grounds for Defendant's motion for postconviction relief fail.

Assuming *arguendo* that these claims are not procedurally barred, they are nonetheless meritless. However, it appears that Defendant asserts Grounds 4-6 individually and as bases for his ineffective assistance of counsel claim. For that reason, the Court will reserve any discussion on the merits of these claims for its analysis of Defendant's ineffective assistance of counsel claim.

## IV. Ground Seven

Defendant's ineffective assistance of counsel claim is his one asserted ground for postconviction relief that is barred only for timeliness.[21] An ineffective assistance of counsel claim that alleges a constitutional basis for postconviction relief may overcome the procedural bars of Rule 61(i)(1)-(3) if the defendant asserts a colorable claim.[22] However, Defendant has not asserted a colorable claim of ineffective assistance of trial counsel and is therefore procedurally barred. Even

---

[21] Though Defendant's ineffective assistance claim was previously raised on his appeal to the Supreme Court, Rule 61(i)(4) is satisfied because the Supreme Court declined to decide this claim. Thus, Defendant's claim has not been previously adjudicated.

[22] *See* Rule 61(i)(5); *State v. MacDonald*, 2007 WL 1378332, *4, n.17 (Del. Super. May 9, 2007). *See also State v. St. Louis*, 2004 WL 2153645, *3 (Del. Super. Sept. 22, 2004) ("Since the Supreme Court generally will not hear a claim for ineffective assistance of counsel on direct appeal, the procedural default rules do not bar those assertions of errors premised on ineffective assistance of counsel.").

assuming *arguendo* that Defendant's motion is not procedurally barred, it nonetheless fails on the merits.

Claims of ineffective assistance of counsel at trial and on direct appeal are appropriate in motions for postconviction relief.[23]  Ineffective assistance of counsel claims are evaluated under the two-pronged test set forth in *Strickland v. Washington*.[24]  To succeed on a claim under *Strickland*, the petitioner must show: (1) that "counsel's representation fell below an objective standard of reasonableness;" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[25]

The test articulated in *Strickland* creates a strong presumption that counsel's representation was professionally reasonable.[26]  The "benchmark for judging any claim of ineffectiveness [is to] be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[27]  Therefore, a motion for postconviction relief

---

[23] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).
[24] 466 U.S. 668 (1984).  *See also Ayers*, 802 A.2d at 281 ("A petitioner's claim that he received ineffective assistance of counsel is measured under the test articulated by the United States Supreme Court in *Strickland v. Washington*.").
[25] *Strickland*, 466 U.S. at 688, 694.  S*ee also Flamer*, 585 A.2d at 753.
[26] *Flamer*, 585 A.2d at 753.
[27] *Cooke v. State*, 977 A.2d 803, 840 (Del. 2009) (quoting *Strickland*, 466 U.S. at 688).

"must make concrete allegations of actual prejudice, and substantiate them," or risk being dismissed.[28]

Turning to the merits of Defendant's claim, Defendant makes the conclusory argument that his trial counsel was ineffective during the entire proceeding, but is unable to articulate how trial counsel's performance was deficient. In his supplemental grounds for this motion, Defendant seems to raise Grounds 4-6 in conjunction with this claim, as well as individually. Even considered in conjunction with his ineffective assistance of counsel claim, the Court finds that Grounds 4-6 on this motion also fail as bases for this claim.

Defendant asserts Grounds 4-6, whether individually and in conjunction with this claim, without any record support. Instead, Defendant makes only conclusory allegations of prosecutorial misconduct, evidence tampering, and collusion between the State and trial counsel. However, Defendant offers no concrete evidence in support of this claim. He also makes the conclusory assertion that he was entitled to a *Bland* jury instruction because of the co-defendants that testified at his trial, yet Defendant offers no way in which he was prejudiced by the absence of the instruction. Finally, Defendant's assertion that the submission to the jury of the stipulation that Defendant was a person prohibited at the time of the offenses was a violation of his Fifth Amendment right against self-incrimination is

---

[28] *Couch v. State*, 2008 WL 390754, *1 (Del. Feb. 14, 2008).

misplaced. Such a stipulation of fact is not uncommon, in order to "sanitize" the indictment by removing reference to the reasons for which the defendant is a person prohibited from possessing a deadly weapon.[29] In other words, stipulating that the defendant is a person prohibited is a tactical decision by trial counsel for the purpose of removing from the indictment the details of the defendant's prior conviction(s).[30]

The Court's review of the record in this case does not reveal a factual basis for any of these claims. Nor has Defendant articulated any way in which he was prejudiced by these claims, beyond a mere conclusory assertion of prejudice. Moreover, the Court finds that Defendant is unable to establish a claim for ineffective assistance of counsel under *Strickland*. Defendant has failed to show that: (1) trial counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for trial counsel's unprofessional errors, the result of the proceeding would have been different. For

---

[29] *See Johnson v. State*, 983 A.2d 904, 923 (Del. 2009) (Court holding that defense counsel made a tactical decision to stipulate that the defendant was prohibited from possessing a firearm. The defendant was a person prohibited as result of his 2003 conviction for Rape in the Fourth Degree. By stipulation, the defendant avoided the jury learning about the nature of his prior conviction. The stipulation did not provide the reason for Johnson's prohibited status; instead, the stipulation simply stated that the parties agreed Johnson "was prohibited from owning or possession a firearm."); *Smith v. State*, 882 A.2d 762 (Del. 2005) ("Here, the State redacted the indictment to eliminate any prejudice to Smith, in exchange for Smith's stipulation that he was a person prohibited by virtue of his September 2003 conviction.").
[30] *Id.*

these reasons, the Court finds that Defendant has failed to establish any colorable claim for relief under his ineffective assistance of counsel argument.

## CONCLUSION

Accordingly, Defendant's Motion for Postconviction Relief is **DENIED**. The motion to withdraw is moot.

**IT IS SO ORDERED**.

/s/Calvin L. Scott

The Honorable Calvin L. Scott Jr.