# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 1206000145 A&B |
| | ) | |
| ROBERT WORLEY, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: May 22, 2018
Decided: July 3, 2018

*Upon Defendant's Second Motion for Postconviction Relief*
**SUMMARILY DISMISSED**

## ORDER

Upon consideration of the second Motion for Postconviction Relief filed by Defendant Robert Worley ("Defendant"); Rule 61 of the Superior Court Rules of Criminal Procedure ("Rule 61"); the facts, arguments, and legal authorities set forth in Defendant's motion; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. Defendant was indicted on July 30, 2012 for Assault First Degree, Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF"), and Possession of a Deadly Weapon by a Person Prohibited ("PDWBPP"). Counsel was appointed for Defendant ("Trial Counsel").

2. The case was tried to a jury on April 9, 10, and 11, 2013. Prior to trial, the Court granted Defendant's motion to sever the PDWBPP charge. The jury found

Defendant guilty of Assault First Degree and PDWDCF. The Court then conducted a bench trial and found Defendant guilty of PDWBPP.

3. On May 17, 2012, Defendant was sentenced as an habitual offender pursuant to 11 *Del. C.* § 4214(a) to 55 years at Level 5.

4. Defendant appealed to the Delaware Supreme Court, which affirmed on December 9, 2013.[1]

5. On June 27, 2014, Defendant filed a timely first motion for postconviction relief. The Court appointed counsel to represent Defendant in connection with his postconviction relief motion ("Postconviction Counsel"). Defendant argued that Trial Counsel was ineffective by failing to: (1) suppress eyewitness identifications; (2) effectively cross-examine witnesses regarding their identifications; (3) request a more detailed eyewitness identification jury instruction; and (4) consult with and present expert testimony on the subject of eyewitness identifications. This Court found that Defendant failed to establish that Trial Counsel was ineffective, and denied Defendant's first motion for postconviction relief.[2] The Delaware Supreme Court affirmed the denial of postconviction relief on November 21, 2016.[3]

---

[1] *Worley v. State*, 82 A.2d 730 (Table) (Del. 2013).
[2] *State v. Worley*, 2016 WL 908913 (Del. Super. Mar. 9, 2016).
[3] *Worley v. State*, 151 A.3d 898 (Table) (Del. 2016).

2

6.     On April 4, 2017, Defendant filed a second motion for postconviction relief as a self-represented litigant ("Second PCR Motion"). In his Second PCR Motion, Defendant argues that Postconviction Counsel was ineffective by failing to raise additional claims of ineffective assistance of counsel related to Defendant's Trial Counsel. Specifically, Defendant argues that Postconviction Counsel should have argued that Trial Counsel was ineffective by: (1) failing to object to prosecutorial vouching during opening and closing statements; (2) failing to challenge the State's use of a prior out of court statement of Lamar Irons in contravention of 11 *Del. C.* § 3507; (3) failing to object to the method in which the State introduced the prior out of court statement of Eric Irons; (4) using the victim's prior out of court statement during cross-examination under 11 *Del. C.* § 3507 rather than as impeachment evidence; (5) failing to object to the admission of officers' testimony regarding security camera footage which the officers viewed, but could not download; and (6) failing to challenge the State's motion to declare Defendant an habitual offender.

7.     Before addressing the merits for postconviction relief, this Court must first consider the procedural requirements of Rule 61(i).[4] A motion is procedurally sufficient for consideration on the merits if it is the defendant's first motion,[5] the

---

[4] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).
[5] Super. Ct. Crim. R. 61(i)(2).

3

motion is timely,[6] and the motion does not assert grounds for relief already adjudicated.[7]

8.   Defendant's Second PCR Motion is procedurally barred as a successive motion. Rule 61(i)(2) prohibits a defendant from filing a second or subsequent motion for postconviction relief unless the defendant:

(i)   pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

(ii)  pleads with particularity that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to movant's case and renders the conviction or death sentence invalid.[8]

Defendant concedes that he cannot meet these pleading requirements.[9] Therefore, Defendant's Second PCR Motion must be summarily dismissed.[10]

9.   Defendant argues that his Second PCR Motion should not be summarily dismissed under *Guy v. State*.[11] In *Guy*, a defendant filed a second motion for postconviction relief asserting claims of ineffective assistance of counsel relating to counsel for his first motion for postconviction relief. The State argued that the

---

[6] Super. Ct. Crim. R. 61(i)(1).

[7] Super. Ct. Crim. R. 61(i)(4).

[8] Super. Ct. Crim. R. 61(d)(2).

[9] Defendant's Reply to State's Resp., May 17, 2018, at 4.

[10] Super. Ct. Crim. R. 61(d)(2) (providing that a second motion for postconviction relief "shall be summarily dismissed" unless the movant can satisfy the enhanced pleading requirements).

[11] 82 A.3d 710 (Del. 2013).

4

defendant was time-barred because his second motion for postconviction relief was not filed within one year of his judgment of conviction becoming final.[12] The Delaware Supreme Court held that "a claim that appointed postconviction counsel was constitutionally ineffective will not occur until the defendant has the opportunity to pursue a second postconviction motion."[13] Accordingly, the Delaware Supreme Court held that "fairness requires that the one-year time limitation on a claim of ineffective assistance of postconviction counsel shall begin to run when the defendant's appeal to this Court from the Superior Court's denial of his first motion for postconviction relief is concluded."[14]

10. Defendant argues that, under *Guy*, this is his first opportunity to raise ineffective assistance of counsel claims relating to Postconviction Counsel, such that his claims should not be summarily dismissed. However, Defendant's argument fails because the procedural bar at issue in *Guy* was the one-year time-bar, not the successive motions bar. Rule 61 was amended after *Guy* to add that successive motions shall be summarily dismissed unless the movant can meet the pleading requirements of Rule 61(d)(2). Since then, the Delaware Supreme Court has consistently held that a defendant's second motion for postconviction relief is still subject to the successive motions procedural bar, even if it raises the ineffectiveness

---

[12] *Id.* at 715.
[13] *Id.*
[14] *Id.*

of postconviction counsel.[15] Therefore, even if Defendant's Second PCR Motion was timely under *Guy*, Defendant was still obligated to satisfy the pleading requirements of Rule 61(d)(2) to avoid summary dismissal of his successive postconviction motion.

11.    Defendant also argues that his Second PCR Motion should not be summarily dismissed because he can meet the exceptions provided in Rule 61(i)(3) and Rule 61(i)(5). Defendant's arguments are without merit.

12.    Rule 61(i)(3) is an additional procedural bar to postconviction relief that provides:

> Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights.[16]

Defendant asserts that he can meet the cause and prejudice exceptions contained in Rule 61(i)(3) to avoid summary dismissal. However, these exceptions only apply as to the specific procedural bar contained in Rule 61(i)(3). Defendant's Second PCR Motion is not barred by the procedural default bar of Rule 61(i)(3), but the successive motions bar of Rule 61(i)(2). Therefore, Defendant cannot rely on the exceptions contained in Rule 61(i)(3) to avoid summary dismissal of his Second PCR Motion.

---

[15] *Holmes v. State*, 180 A.3d 41 (Table) (Del. 2018); *Durham v. State*, 173 A.3d 1061 (Table) (Del. 2017); *Coles v. State*, 169 A.3d 858 (Table) (Del. 2017).
[16] Super. Ct. Crim. R. 61(i)(3).

13. Rule 61(i)(5) provides that the procedural bars to relief "shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements" of Rule 61(d)(2).[17] Here, Defendant already concedes that he cannot meet the pleading requirements of Rule 61(d)(2). In addition, Defendant cannot establish that the Court lacked jurisdiction over his convictions for Assault First Degree, PDWDCF, and PDWBPP. Therefore, Defendant cannot avail himself of Rule 61(i)(5) to avoid summary dismissal of his Second PCR Motion.

14. Defendant's Second PCR Motion is procedurally barred under Rule 61(i)(2). Accordingly, because Defendant cannot meet he pleading requirements of Rule 61(d)(2), his Second PCR Motion must be summarily dismissed.

**NOW, THEREFORE, this 3rd day of July, 2018, Defendant's Second Motion for Postconviction Relief is hereby SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

The Honorable Andrea L. Rocanelli

---

[17] Super. Ct. Crim. R. 61(i)(5).