IN THE SUPREME COURT OF THE STATE OF DELAWARE

VERNON CEPHAS, § 
　 § 
　Defendant Below, § No. 321, 2022
　Appellant, § 
　 § Court Below—Superior Court
　v. § of the State of Delaware
　 § 
STATE OF DELAWARE, § Cr. ID No. 1503005476 (K)
　 § 
　Appellee. § 

Submitted: October 11, 2022
Decided: December 2, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

After consideration of the opening brief, the motion to affirm, and the record on appeal, it appears to the Court that:

(1)　The appellant, Vernon Cephas, filed this appeal from a Superior Court order denying his successive motions for postconviction relief under Superior Court Criminal Rule 61. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Cephas's opening brief that his appeal is without merit. We agree and affirm.

(2)　In September 2016, a Superior Court jury found Cephas guilty of multiple counts of second-degree rape and related crimes. The Superior Court

sentenced Cephas to a total of seventy-nine years of unsuspended Level V imprisonment. On direct appeal, this Court affirmed the Superior Court's judgment.[1]

(3) On May 17, 2022, this Court affirmed the Superior Court's denial of Cephas's first, timely motion for postconviction relief under Rule 61.[2] While that appeal was pending, Cephas filed, in December 2021, an amended motion for postconviction relief in the Superior Court. The Superior Court advised Cephas that no action would be taken on his motion while his appeal was pending in this Court.

(4) On July 21, 2022, Cephas filed a document titled second motion for postconviction relief in the Superior Court. On August 4, 2022, the Superior Court summarily dismissed the postconviction motion filed in December 2021 and the postconviction motion filed in May 2022 under Rule 61(d)(2). This appeal followed.

(5) In his opening brief, Cephas argues, as he did below, that his claims are not procedurally barred because his postconviction counsel was ineffective for not arguing that his trial counsel and appellate counsel were ineffective for failing to challenge prosecutorial misconduct. Cephas relies on *Guy v. State*,[3] in which this Court held that the one-year time limitation in Rule 61(i)(1) did not begin to run on a defendant's claim of ineffective assistance of postconviction counsel until the conclusion of the appeal from the denial of the postconviction motion or the

---

[1] *Cephas v. State*, 2017 WL 3048466 (Del. July 18, 2017).
[2] *Cephas v. State*, 2022 WL 1552149 (Del. May 17, 2022).
[3] 82 A.3d 710 (Del. 2013).

conclusion of the time to file such an appeal, to make this argument. This reliance in misplaced.

(6) The *Guy* appeal was decided before substantive amendments to Rule 61 in June 2014. In light of those amendments, this Court has held that *Guy* does not apply to successive Rule 61 motions filed after June 2014.[4] Because *Guy* did not apply to Cephas's second Rule 61 motion, the motion was subject to summary dismissal unless Cephas pleaded with particularity new evidence creating a strong inference of actual innocence or a new, retroactive rule of constitutional law that made his conviction invalid.[5] Cephas failed to plead either exception to Rule 61(d)(2). Thus, the Superior Court did not err in summarily dismissing Cephas's motions for postconviction relief.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[4] *Purnell v. State*, 254 A.3d 1053, 1094 n.181 (Del. 2021); *Coles v. State*, 2017 WL 3259697, at *2 (Del. Jul 31, 2017).

[5] Rule 61(d)(2).

3