**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | **ID No. 2204009600** |
| | ) | **Cr. A. Nos. IN22-04-1587, etc.** |
| WILLIAM R. USHLER, | ) | |
| Defendant. | ) | |

Submitted: April 10, 2025
Decided: July 9, 2025

*Upon Defendant William R. Ushler's*
*Motion for Postconviction Relief,*
**DENIED**.

## ORDER

This 9th day of July, 2025, upon consideration of the Defendant's Motion for Postconviction Relief (D.I. 34), the State's response (D.I. 43), his trial/plea counsel's affidavit (D.I. 39), Defendant's reply (D.I. 44) and supplemental response (D.I. 47), the State's supplemental response (D.I. 48), and the record in this matter, it appears to the Court that:

(1)     On March 16, 2023, Mr. Ushler pleaded guilty to one count of Dealing in Child Pornography and four counts of Sexual Solicitation of a Child.[1]  Under the terms of the plea agreement, he faced a minimum of two years in prison up to a maximum sentence of 85 years.  There was no agreement as to a sentencing cap or

---

[1]     D.I. 18 (Plea Agreement).

any recommendation—the parties opted for open sentencing.[2]

(2)     Mr. Ushler's sentencing occurred on June 2, 2023, after a comprehensive presentence investigative (PSI) report was prepared.  In addition to those materials compiled in that PSI report, the parties filed their own supplemental sentencing memoranda.[3]  All of those sentencing materials spoke to the applicable aggravating and mitigating circumstances present and were thoroughly examined by the Court before imposing Mr. Ushler's sentence.[4]  The parties and Mr. Ushler also gave fulsome presentations at his sentencing hearing.[5]

(3)     He was sentenced as follows:  (a) for Dealing in Child Pornography (IN22-04-1587)—25 years at supervision Level V suspended after 3 years for diminishing levels of supervision; (b) for Sexual Solicitation of a Child (IN22-07-1244)—15 years at supervision Level V suspended after 18 months for probation; (c) for Sexual Solicitation of a Child (IN23-03-0513)—15 years at supervision Level V suspended after 18 months for probation; (d) for Sexual Solicitation of a Child (IN23-03-0514)—15 years at supervision Level V suspended after 18 months for probation; and (e) for Sexual Solicitation of a Child (IN23-03-0515)—15 years at

---

[2]     *Id.*

[3]     D.I. 22 and 28.

[4]     Sentencing Tr. at 2 (D.I. 24).

[5]     D.I. 24.

supervision Level V suspended after 18 months for probation.[6] The Court expressly ordered that the prison terms were to be served consecutively.[7]

(4) Mr. Ushler's 9-year period of unsuspended imprisonment is comprised, in part, of a 2-year minimum term of incarceration that must be imposed under Delaware's child pornography statute.[8] The Court imposed the remaining 7 years as an exercise of its own sentencing judgment.[9]

(5) At the time of sentencing, the Court noted the aggravating and mitigating circumstances it found:

> To the extent this cumulative sentence might exceed any applicable sentencing guidelines, the Court notes that the pattern of behavior here involved multiple victims whom the Defendant actively sought out and encouraged to produce images and forward them to him as he reciprocated. It was a years-long pattern of predation by a person in a position of trust and authority over other children of the victims' age.[10]

(6) Almost immediately thereafter, Mr. Ushler, through counsel, filed a motion under this Court's Rule 35(b) seeking reduction of his term of imprisonment

---

6    D.I. 23 (Sentencing Order); Sentencing Tr. at 45-48.

7    Sentencing Tr. at 45-46 (explaining the Court's purpose in imposing separate and consecutive prison terms for each count).

8    *See* DEL. CODE ANN. tit. 11, § 1109(4) and 4205(b)(2) (2020) (dealing in child pornography is a class B felony carrying a statutory minimum of two years at Level V).

9    Sentencing Tr. at 47-48.

10    Sentencing Order at 6; Sentencing Tr. at 42-45 (articulating the aggravating and mitigating circumstances found by the Court).

to the statutory minimum mandatory term of two years.[11] When the Court considered that timely motion, it afforded Mr. Ushler the greatest benefit it could under Rule 35(b). In the end, the Court examined his application as a request that it reconsider and decide if, on further reflection, his sentence seemed unduly harsh.[12]

(7) So, the Court fully reviewed Mr. Ushler's application, the record of his case, his prior history, all materials provided with his sentence-reduction motion, and all sentencing information available. The Court found that when all those materials and the sentencing factors in Mr. Ushler's case were reconsidered, a sentence reduction was not warranted. Rather, after a thorough review of the merits of Mr. Ushler's first timely Rule 35(b) request, the Court found its original sentencing judgment appropriate for the reasons stated at the time it was rendered.[13]

(8) Throughout all the pre-trial, plea, sentencing, and Rule 35 proceedings just outlined, Mr. Ushler was represented by privately retained defense counsel, Brian J. Chapman, Esquire.[14]

(9) Now before the Court is Mr. Ushler's Rule 61 Motion for

---

[11] D.I. 25.

[12] *See State v. Remedio*, 108 A.3d 326, 331-32 (Del. Super. Ct. Dec. 31, 2014) (noting that "[a] request for leniency and reexamination of the sentencing factors is precisely the stuff of which a proper and *timely* Rule 35(b) motion is made") (emphasis in original).

[13] D.I. 30 and 31. Almost immediately, Mr. Ushler—this time acting *pro se*—again moved for reduction of his sentence. D.I. 32 and 33. That application, too, was denied. D.I. 37.

[14] Aff. of Brian J. Chapman, Esq. (D.I. 39).

Postconviction Relief.[15] Therein he focuses his complaints on his plea and sentencing proceedings, alleging that Mr. Chapman: (a) failed to review or discuss the PSI with him; (b) failed to argue that certain of the images he was alleged to have possessed were proven to be of underage girls; and (c) failed to object to certain statements or arguments made by the prosecutor at sentencing.[16]

## RULE 61'S PROCEDURAL BARS

(10) Delaware courts must consider Criminal Rule 61's procedural requirements before addressing any substantive issues.[17] The procedural bars in Rule 61 are timeliness, repetitiveness, procedural default, and former adjudication.[18] Of these, only one is relevant here.

(11) Rule 61(i)(3) bars any particular claim that could have been but was not raised at the trial/plea proceedings or on direct appeal, unless the defendant can show cause for relief from the procedural default and prejudice.[19] Generally, Rule 61(i)(3)

---

[15] Def's Mot. for Postconviction Relief (D.I. 34).

[16] *See generally* Def.'s Mem. in Supp. of Mot. for Postconviction Relief (D.I. 34).

[17] *Maxion v. State*, 686 A.2d 148, 150 (Del. 1996); *State v. Jones*, 2002 WL 31028584, at *2 (Del. Super. Ct. Sept. 10, 2002).

[18] *State v. Peters*, 283 A.3d 668, 680 (Del. Super. Ct. Sept. 30, 2022), *aff'd*, 2023 WL 3880124 (Del. June 7, 2023); *State v. Madison*, 2022 WL 3011377, at *2 (Del. Super. Ct. July 29, 2022), *aff'd*, 2022 WL 17982946 (Del. Dec. 29, 2022). These procedural requirements are considered on a claim-by-claim basis. *State v. Reyes*, 155 A.3d 331, 342 n.15 (Del. 2017) (instructing that the "Rule 61 analysis should proceed claim-by-claim, as indicated by the language of the rule."); *Madison*, 2022 WL 3011377, at *2.

[19] Super. Ct. Crim. R. 61(i)(3) ("Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows . . . [c]ause for relief from the procedural default and . . . [p]rejudice from

is inapplicable to claims of ineffective assistance of counsel[20]—which in the norm can't be raised against trial/plea counsel on direct appeal.[21] And so, the Court usually considers those claims on their merits during postconviction proceedings.[22]

## MR. USHLER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

(12) A claim of ineffective assistance of counsel is reviewed under the familiar two-part *Strickland* test.[23] A claimant asserting ineffective assistance of counsel must demonstrate that: (i) his defense counsel's representation fell below an objective standard of reasonableness, and (ii) there is a reasonable probability that, but for counsel's errors, the result of his proceedings would have been different.[24]

(13) For the first prong, deficient performance, the burden is on the claimant to show that counsel's conduct fell below an objective standard of reasonableness, "*i.e.*, that no reasonable lawyer would have conducted the defense as his lawyer

---

violation of the movant's rights.").

[20] *State v. Coverdale*, 2018 WL 259775, at *2 (Del. Super. Ct. Jan. 2, 2018).

[21] *See State v. Caulk*, 2021 WL 2662250, at * 5 (Del. Super. Ct. June 29, 2021) ("Though [the Rule 61(i)(3)] bar is inapplicable to allegations of ineffective assistance of counsel that, in all but the rarest of circumstances, couldn't have been raised on direct appeal."); *see also Guy v. State*, 82 A.3d 710, 715 (Del. 2013) ("In a jurisdiction like Delaware, where ineffective assistance of trial counsel may not be raised on direct appeal, the first post-conviction proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective assistance claim.") (cleaned up).

[22] *State v. Martin*, 2024 WL 3273429, at *2 (Del. Super. Ct. July 1, 2024).

[23] *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Neal v. State*, 80 A.3d 935, 946 (Del. 2013).

[24] *Strickland*, 466 U.S. at 688-94; *see also Alston v. State*, 2015 WL 5297709, at *3 (Del. Sept. 4, 2015).

-6-

did."[25]  There is a strong presumption that counsel's representation was reasonable,[26] and "[i]t is not this Court's function to second-guess reasonable [ ] tactics" engaged by counsel.[27]  Indeed, an attorneys strategic or tactical choices made after thorough investigation of the relevant law and facts are virtually unchallengeable.[28]

(14)  Too, one claiming ineffective assistance "must make specific allegations of how defense counsel's conduct actually prejudiced the proceedings, rather than mere allegations of ineffectiveness."[29]  This second prong requires the claimant to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[30]

(15)  *Strickland*'s framework is used to analyze an ineffective assistance of counsel claim challenging performance in relation to a guilty plea[31] or sentencing proceedings.[32]  When addressing the prejudice prong of the ineffective assistance of counsel test in the context of a challenged guilty plea, an inmate must show "that

---

[25]  *Green v. State*, 238 A.3d 160, 174 (Del. 2020) (citing *Burger v. Kemp*, 483 U.S. 776, 791 (1987)).

[26]  *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

[27]  *State v. Drummond*, 2002 WL 524283, at *1 (Del. Super. Ct. Apr. 1, 2002).

[28]  *Green*, 238 A.3d at 174.

[29]  *Alston*, 2015 WL 5297709, at *3 (citing *Wright*, 671 A.2d at 1356); *Monroe v. State*, 2015 WL 1407856, at *5 (Del. Mar. 25, 2015) (citing *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996)); *Zebroski v. State*, 822 A.2d 1038, 1043 (Del. 2003).

[30]  *Starling v. State*, 130 A.3d 316, 325 (Del. 2015) (quoting *Strickland*, 466 U.S. at 694).

[31]  *Albury v. State*, 551 A.2d 53, 58 (Del. 1988) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).

[32]  *Harden v. State*, 180 A.3d 1037, 1045 (Del 2018).

there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[33] And when addressing the prejudice prong of the ineffective assistance of counsel test in the context of a sentencing hearing, an inmate must show that "there is a reasonable probability that, but for counsel's error, the result of [his] sentencing would have been different."[34]

(16) An inmate must satisfy the proof requirements of both prongs—deficient attorney performance and resulting prejudice—to succeed in making an ineffective assistance of counsel claim. Failure to do so on either will doom the claim, and the Court need not address the other.[35]

(17) ***Alleged Failure to Discuss or Review PSI* (Ground One)**—Citing certain federal cases interpreting federal criminal procedure, Mr. Ushler complains that he never had an opportunity to fully examine the complete PSI report, that Mr. Chapman did not review and discuss it with him thoroughly enough in preparation for sentencing, and therefore "erroneous, embellished, inaccurate, or omitted information" could have been contained therein and gone uncorrected.[36]

---

[33] *Albury*, 551 A.2d at 59; *Sartin v. State*, 2014 WL 5392047, at *2 (Del. Oct. 21, 2014); *State v. Hackett*, 2005 WL 3060976, at *3 (Del. Super. Ct. Nov. 15, 2005).

[34] *Brawley v. State*, 1992 WL 353838, at *1 (Del. Oct. 7, 1992); *State v. Lindsey*, 2023 WL 2535895, at *10 (Del. Super. Ct. Mar. 16, 2023), *aff'd*, 2023 WL 8232287 (Del. Nov. 27, 2023).

[35] *Strickland,* 466 U.S. at 697; *Ploof v. State*, 75 A.3d 811, 825 (Del. 2013) ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant."); *State v. Hamby*, 2005 WL 914462, at *2 (Del. Super. Ct. Mar. 14, 2005).

[36] Def.'s Mem. in Supp. of Mot. for Postconviction Relief at 1-2.

(18) First, the Court finds that Mr. Chapman's review of the PSI with Mr. Ushler and his preparation with him for the sentencing proceeding did not fall below any objective standard of reasonableness. In addition to the materials compiled in the PSI report, Mr. Chapman and the State each filed a supplemental sentencing memorandum with supporting materials.[37] And both the PSI and Mr. Chapman's filing contained a complete copy of the expert report from Dr. Cooney-Koss that Mr. Ushler suggests was of greatest import.[38]

(19) But even were the Court to find Mr. Chapman's behavior deficient in some way—which it does not—Mr. Ushler fails to carry his burden of demonstrating "there is a reasonable probability that, but for counsel's error, the result of [his] sentencing would have been different."[39] Mr. Ushler, after having been given an opportunity to review the full PSI has confirmed "there were no blatant factual inaccuracies" therein.[40] Rather he complains the PSI: (a) didn't present sufficient detail of his mental health concerns as he relayed them during his pre-sentence interview; and (2) was too cursory in its summary of Dr. Cooney-Koss's report.[41]

(20) The Court confirmed that it had thoroughly examined all of the

---

[37] D.I. 22 and 28.

[38] *See* Def.'s Suppl. Resp. at 2-4 (D.I. 47).

[39] *Brawley*, 1992 WL 353838, at *1; *Lindsey*, 2023 WL 2535895, at *10.

[40] Def.'s Suppl. Resp. at 1-4.

[41] *Id.* at 2-4.

sentencing materials provided—including Dr. Cooney-Koss's report—before imposing Mr. Ushler's sentence.[42] Indeed, as the Court noted during the earlier Rule 35(b) proceedings: "by the time of sentencing, the Court had familiarized itself thoroughly with Mr. Ushler's social and mental health history."[43] And dung those exhaustive Rule 35(b) proceedings where the Court "reconsider[ed] and decide[d] if, on further reflection, his sentence seemed unduly harsh" the Court "found that when all those materials and the sentencing factors in Mr. Ushler's case were reconsidered, a sentence reduction was not warranted;" "the Court found its original sentencing judgment appropriate for the reasons stated at the time it was rendered."[44] Given all that, Mr. Ushler cannot show now that had his counsel complained before his sentencing hearing of the PSI's summarization of the very same materials that the Court had examined in full there is some reasonable probability of a different sentencing outcome.

(21) *Failure to Argue That Two of the Images Found During the Child Pornography Investigation May Not Have Depicted Underage Girls* (**Ground Two**)—Mr. Ushler appends to his motion a single page of a detective's report that recounts certain steps taken in the State's investigation of him.[45] He also again cites

---

[42] Sentencing Tr. at 2.

[43] *State v. Ushler*, 2024 WL 3813301, at *2 (Del. Super. Ct. Aug. 14, 2024).

[44] *Id.* at 2-4.

[45] Def.'s Mem. in Supp. of Mot. for Postconviction Relief, Ex. A (D.I. 34).

federal statutory and case law. This time the citations refer to the proof needed to convict in federal child pornography cases.[46] Putting these together, Mr. Ushler surmises that had Mr. Chapman posed certain challenges to two images located on his Yahoo account, the entirety of the State's investigation and prosecution would have crumbled and he would never have had to plead guilty.[47]

(22) When assessing the reasonableness of counsel's conduct, the Court considers "not what is possible . . . but only what is constitutionally compelled."[48] Mr. Ushler's musings about what legal or evidentiary challenge might have been engaged is far from a demonstration of Strickland-level deficiency. Moreover, when addressing Strickland-level prejudice, "[t]he likelihood of a different result must be substantial, not just conceivable."[49] And while the "objective inquiry is not mathematically precise," there can only be a finding of the required prejudice "when there is a substantial likelihood—*i.e.*, a meaningful chance—that a different outcome would have occurred but for counsel's deficient performance."[50] Mr. Ushler's

---

[46]  Def.'s Reply at 3 (D.I. 44).

[47]  *Id.* at 3-4.

[48]  *Green*, 238 A.3d at 174 (quoting *Burger*, 483 U.S. at 794).

[49]  *Starling*, 130 A.3d at 325 (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)); *see Strickland*, 466 U.S. at 693 ("It is not enough for the [postconviction movant] to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." (citation omitted)).

[50]  *Baynum v. State*, 211 A.3d 1075, 1084 (Del. 2019) (citing *Harrington*, 562 U.S. at 112).

postulations about a successful challenge to two particular images and its effect on the entirety of the State's prosecution and his eventual guilty plea fails under this prejudice standard.

(23) ***Failure to Object to Certain of the Prosecutor's Sentencing Arguments* (Ground Three)**—Mr. Ushler complains that at sentencing the prosecutor recounted certain evidence of online conversations "where [he] discussed his inappropriate sexual activities" but "these were conversations alluded to by the State where no age was discussed."[51] According to Mr. Ushler, Mr. Chapman should have objected to these comments at sentencing, and, had he, it is likely his sentencing outcome would have been different.[52]

(24) A review of the sentencing transcript reveals no objectionable statements by the prosecutor. Indeed Mr. Ushler admits that the prosecutor clarified his references to the now-complained-of chats.[53] Thus, there is no possibility that the Court relied on demonstrably false information or information lacking a minimal indicium of reliability. Given controlling law on the scope of information and argument permitted at sentencing,[54] the Court can't find Mr. Chapman's failure to

---

[51] Def.'s Reply at 5-6.

[52] *Id.* at 6.

[53] *Id.*

[54] *See Fink v. State*, 817 A.2d 781, 791 (Del. 2003) (explaining that "in reviewing a sentence within statutory limits, th[e Delaware Supreme] Court will not find error of law or abuse of discretion unless it is clear from the record that a sentence has been imposed on the basis of demonstrably false information or information lacking a minimal indicia of reliability") (citing

object lacking.[55] And given the Court's explanation of its repeated reviews of the sentencing in this case, Mr. Ushler can't demonstrate a reasonable probability of a lesser sentence had Mr. Chapman made the objection he now poses. That is, Mr. Ushler again fails to demonstrate the necessary prejudice on this ineffectiveness-at-sentencing claim.

(25) Mr. Ushler has failed to carry his burden of demonstrating that Mr. Chapman's actions in representing him fell below any objective standard of reasonableness. What's more, Mr. Ushler has failed to demonstrate that but for counsel's supposed errors, he wouldn't have pleaded guilty but instead proceeded to trial or, even had he entered the very same plea, would have received some lesser sentence. So, his Motion for Postconviction Relief must be **DENIED.**

**SO ORDERED,**

/s/ *Paul R. Wallace*
Paul R. Wallace, Judge

Original to Prothonotary

cc:   Mr. William R. Ushler, *pro se*
      Brian J. Chapman, Esquire
      Erik C. Towne, Deputy Attorney General
      Investigative Services Office

---

*Mayes v. State*, 604 A.2d 839, 843 (Del. 1992)).

[55]   *See Shelton v. State*, 744 A.2d 465, 503 n.183 (Del. 2000) ("[T]he Sixth Amendment does not require counsel to pursue meritless arguments before a court."); *Peters*, 283 A.3d at 680 ("Further, counsel cannot be ineffective for failing to make futile arguments.") (internal quotes omitted).

-13-